## In re RHODES' ESTATE.

### RHODES et al. v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 9548.

United States Court of Appeals
Third Circuit.

Argued March 24, 1949.
Decided April 19, 1949.

---

O. R. Folsom-Jones, of Washington, D. C., (George B. Berger of Pittsburgh, Pa., and Kingman Brewster, of Washington, D. C., on the brief), for petitioners.

Hilbert P. Zarky, of Washington, D. C. (Theron Lamar Caudle, Asst. Atty. Gen., and Ellis N. Slack, Sp. Asst. Atty. Gen., on the brief), for respondent.

Before GOODRICH, McLAUGHLIN and O'CONNELL, Circuit Judges.

GOODRICH, Circuit judge.

This appeal concerns the estate tax liability for three trusts created by George P. Rhodes in his lifetime. The petitioners in this litigation are his executors and will be referred to as the taxpayer. The first trust was set up in 1916 and the latter two trusts in 1930. To establish the taxability of the 1916 trust it is necessary only to refer to the provision in the trust instrument that upon the death of all the trust beneficiaries within the lifetime of the settlor, the corpus was to revert to the settlor. Under Estate of Spiegel v. Commissioner, 1949, 335 U.S. 701, 69 S.Ct. 301, the retention of this reversionary interest plainly requires tax liability under § 811(c) of the Internal Revenue Code, 26 U.S.C.A. § 811(c), and the taxpayer so concedes.

The taxpayer makes elaborate argument, however, to the effect that the value of life estates set up for the settlor's three children should be deducted from the estate upon which the estate tax is to fall. It is argued that the life estates vested at the time of execution of the trust, that the children were thus a fixed class from the beginning, and that their interest could not be taken from them and would end at their death, not that of the donor.

We do not find the argument convincing. The children had no present enjoyment of the trust income during their father's lifetime for the income was required to be accumulated until his death. Spendthrift provisions prevented an anticipation by the beneficiaries. If the children failed to outlive the donor and left no surviving issue, his directions would have controlled both corpus and accumulated income.

We think both the reversionary interest and the life estates are clearly subject to taxation under the Spiegel decision.

The subject-matter of the two trusts created in 1930, one for the benefit of the settlor's wife and the other for the benefit of his daughter, consisted of insurance policies on the settlor's life. The basis of the Tax Court decision supporting taxability of the value of these policies is that the transfer was made in contemplation of death within the meaning of § 811(c). The taxpayer contends that this issue was stipulated out of the case by agreement of counsel.

We think that a very good argument can be made for the taxpayer on this point. If contemplation of death was the only basis upon which taxability of the insurance trusts could be sustained, fairness might well require that the case go back to the Tax Court to give the taxpayer a chance to present his evidence upon the issue. But the conclusion of taxability is so abundantly shown by other facts that such a remand is not indicated.

By the terms of the original trust instrument, the trusts were revocable at the option of the donor. By a supplemental agreement the trusts were made irrevocable. But no other changes in the terms were made. And the original deed of trust contained provisions which clearly reserved such power to the donor as to bring the trust within the area of taxable estate under the controlling decisions. Article VIII provided that "income arising from * * property * * * transferred by the donor * * * to the Trustee shall be applied to the payment of premiums on policies of insurance * * * or to such other purposes as the donor may direct.'

**586**

■ By the terms of Article IX the donor had the right "to exercise the options and privileges reserved to him in the policies of insurance \* \* \* including the right to change the beneficiary, to borrow money thereon and to receive all payments, dividends, surrender values, benefits or privileges of any kind \* \* \*."

There is no doubt that such reservation of control on the part of the settlor subjects the trust to the estate tax. Commissioner v. Estate of Church, 1949, 335 U.S. 632, 69 S.Ct. 322.

The decision of the Tax Court will be affirmed.