218 F.2d 810
 55-1 USTC P 11,506
 Mary B. STRUTHERS, Administratrix D.B.N.C.T.A. of the Estate
of Mary Case Barney, Appellant,
v.
Elmer F. KELM, Collector of Internal Revenue for the
District of Minnesota, Appellee.
 No. 15103.
 United States Court of Appeals, Eighth Circuit.
 Jan. 11, 1955.
 
 Robert M. Bowen and Abbott L. Fletcher, Minneapolis, Minn., for appellant.
 Louise Foster, Sp. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Hilbert P. Zarky, and L. W. Post, Sp. Asst. to the Atty. Gen., George E. MacKinnon, U.S. Atty., and Alex Dim, Asst. U.S. Atty., St. Paul, Minn., were on the brief), for appellee.
 Before GARDNER, Chief Judge, and JOHNSEN and COLLET, Circuit Judges.
 COLLET, Circuit Judge.
 
 
 1
 The question for determination is whether the creator of three trusts, Mrs. Mary Case Barney, reserved the right, in conjunction with other persons, to designate the persons who should possess or enjoy the property constituting the trusts or the income therefrom. If she did so, the property constituting the trusts was subject to estate tax on her estate under § 811(c)(1)(B)(ii), 26 U.S.C.A. § 811(c)(1)(B)(ii). The pertinent portions of the statute are quoted in the footnote.[1]
 
 
 2
 The facts are not in dispute. The trust indenture was executed February 18, 1937. By it Mrs. Barney created three separate trusts in favor of her three children, Hadwen C. Barney, Mary B. Struthers, and Elizabeth B. Wesbrook. With the exception of the named beneficiary, the terms of the three trusts were for present purposes identical. In each Mrs. Barney was designated as one of the three trustee.
 
 
 3
 The trust instrument in which Mary B. Struthers is the beneficiary is typical of the three trust agreements. The pertinent portions thereof are as follows:
 
 
 4
 'This Agreement, executed in duplicate this 18th day of February, 1937, by and between Mary Case Barney, of the City of Minneapolis, Minnesota, party of the first part, hereinafter sometimes called Trustor, and Hadwen C. Barney, Mary B. Struthers and Mary Case Barney, of the City of Minneapolis, Minnesota, parties of the second part, hereinafter sometimes called Trustees. (It will be noted that the Trustor is designated as one of the Trustees).
 
 
 5
 '2. The Trustees may, for convenience in transferring, hold any property of the Trust Fund in their own names or in the name of their nominee, it being understood, however, that the accounts of the Trustees shall show such property to be part of the Trust Fund.
 
 
 6
 '3. The Trustees shall collect and receive all interest, income and profits earned by said Trust Fund. The net income from said trust fund, or so much thereof as the Trustees shall deem advisable, may be accumulated by said Trustees and invested for the benefit of Mary B. Struthers, daughter of said Mary Case Barney, or the Trustees may in their discretion pay the net income or so much thereof as they deem advisable to the said Mary B. Struthers at such times and in such amounts as in their sole judgment they deem advisable. In addition thereto the Trustees may use such amounts out of the principal from time to time as in their judgment and discretion they may deem necessary and advisable for the care, comfort, support and maintenance of said Mary B. Struthers.
 
 
 7
 '4. Upon the death of the said Mary Case Barney, the Trust hereby created shall cease and terminate and the entire Trust Fund and all accumulated or unpaid net income shall be paid over and distributed to the said Mary B. Struthers.
 
 
 8
 '7. The Trustor declares that she has been fully advised as to the legal effect of the execution of this agreement and informed as to the character and amount of the property hereby transferred and conveyed; and further that she has given consideration to the question whether the trust hereby created shall be revocable or irrevocable, and she now declares that it shall be irrevocable and that she shall hereafter be without power at any time, either alone or in conjunction with any other person, or persons, to revoke, change, amend, alter, annul, or terminate the trust hereby created or any of the provisions herein contained.'
 
 
 9
 Other pertinent facts are aptly stated by the trial court as follows:
 
 
 10
 'At the time of creating the trusts, the trustor paid the required federal gift tax. All the beneficiaries were living at the time of Mary Case Barney's death on December 7, 1949. It appears that the trustees appointed Hadwen Case Barney as executive trustee to carry on and administer the trusts, and that during the lifetime of the trustor, he alone attended to all investments and reinvestments and administered the trusts in his own name as such executive trustee.
 
 
 11
 'Upon the probating of the estate of Mary Case Barney and in making the federal estate return, Hadwen Case Barney as executor claimed the trust to be exempt from the estate tax. The internal revenue agent in charge, however, included the three trusts in the estate tax, stating,
 
 
 12
 "The above listed transfers are considered includable in gross estate under those provisions of Sec. 811(c)(B) relating to decedent's retained right 'either alone or in conjunction with any person, to designate the person who shall possess or enjoy the property or the income therefrom."
 
 
 13
 'Subsequently, the tax as demanded was paid, with interest. A claim for refund was filed and this action was thereafter commenced.'
 
 
 14
 The Government's position is that the value of the three trusts should be included in Mrs. Barney's estate and taxed as a part of her estate because she retained the right, in conjunction with the other trustees, to designate the persons who should possess or enjoy the property or the income therefrom. That position is based upon the wording of the trust instruments which provide that the net income of the trust, or so much thereof as the trustees shall deem advisable, may be accumulated and invested for the benefit of the named beneficiary, or the net income, or such portion of it as the trustees deem advisable, may be paid to the beneficiary, or that the trustees may use such amount of the principal from time to time for the care, support and maintenance of the beneficiary as they in their judgment and discretion may determine.
 
 
 15
 At the time the case was heard the trial court, applying the law of Minnesota as declared in First & American National Bank of Duluth v. Higgins, 208 Minn. 295, 293 N.W. 585, concluded that Mrs. Barney retained no possibility of a reverter; that since the trust instruments made no provision as to the disposition of the trust income or the trust fund in the event the beneficiary predeceased Mrs. Barney, and since the beneficiary's interest in the estate was vested in the manner declared by the law of Minnesota and not susceptible to change by Mrs. Barney or by her and the trustees acting jointly or severally, as trustees, that no control of the remainder was retained by or was vested in Mrs. Barney and that the mere control of the time when the beneficiary or the beneficiary's possible devisees might enjoy the fund did not constitute such a substantial control over the trusts contemplated by the statute as would require the treatment of the trusts as part of Mrs. Barney's estate. Reliance for that conclusion was placed upon Hays' Estate v. Commissioner of Internal Revenue, 5 Cir., 181 F.2d 169. Taking cognizance, however, of Lober v. United States, D.C., 108 F.Supp. 731, 124 Ct.Cl. 44, and the pendency of that case before the Supreme Court on certiorari, the trial court reserved formal judgment pending final disposition of the Lober case. When the latter was decided by the Supreme Court, Lober v. United States, 346 U.S. 335, 74 S.Ct. 98, the trial court, being convinced that this case was controlled by the Lober case, entered judgment for the Government, dismissing the complaint. We are convinced that the Lober case is determinative of this.
 
 
 16
 Appellant undertakes to distinguish this from the Lober case upon two grounds. First, that in this case the right of control over the disposition of the trusts vested entirely in the beneficiaries at the time the trusts were established, that the beneficiary might have subjected the entire trust to the payment of the beneficiary's debts or by devise designated another as the recipient in event the beneficiary predeceased Mrs. Barney, or, in the event neither occurred, that the law of descents and distribution of the State of Minnesota fixed with certainty the recipient of the trust fund beyond the power of any person to change. For that reason it is said that Mrs. Barney could not have had the power, acting alone or in conjunction with the other trustees, to designate the persons who should possess or enjoy the trusts or the income therefrom. The further argument is advanced that the facts in this case distinguish it from the Lober case because of paragraph 7 of the trust instrument, heretofore quoted, wherein Mrs. Barney stated that-- 'She shall hereafter be without power at any time, either alone or in conjunction with any other person or persons, to revoke, change, amend, or terminate the trust hereby created or any of the provisions herein contained.'The Lober case was decided under § 811(d)(2), 26 U.S.C.A. § 811(d)(2), which made trusts taxable as part of the donor's estate "where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power * * * to alter, amend, or revoke * * *." Lober v. United States, 346 U.S. 335, 336, 74 S.Ct. 98, 99. But the gravamen of both § 811(d)(2) and 811(c)(1)(B)(ii) is the same. Both deal, in regard to the question before us, with the 'enjoyment' or 'possession' of the trust. Both sections adopt as the factor determinative of whether the trust shall be treated as a part of the donor's estate the existence or nonexistence of the power of the donor to 'alter, amend, or revoke', § 811(d)(2), or, to designate the person who shall 'possess or enjoy' the property or its income, § 811(c)(1)(B)(ii). The Lober opinion, quoting from Commissioner of Internal Revenue v. Holmes' Estate, 326 U.S. 480, 66 S.Ct. 257, 90 L.Ed. 228, states that § 811(d)(2) 'was more concerned with 'present economic benefit' than with 'technical vesting of title or estates." In the Lober case the fact relied on as distinguishing this case from the Lober case was assumed, i.e., that the trust instrument gave Lober's children a vested interest under state law so that if they had died after creation of the trusts their interests would have passed to their estates. But that fact was held undeterminative and Lober's estate was charged with the estate tax because Lober's children, as beneficiaries of the trust, were granted no 'present right to immediate enjoyment of either income or principal' without Lober's consent. In this case the beneficiary under Mrs. Barney's trust instrument was not granted the present right to immediate enjoyment of the income or principal without Mrs. Barney's permission, acting 'in conjunction with' the other trustees. Since the Holmes' Estate case and the Lober case give controlling emphasis and effect to the present right of enjoyment of the trust by the beneficiary, rather that when the title to the trust property technically vested under state law, or the absence of power on the part of the donor to alter or amend that title, this case may not be distinguished from Lober v. United States and Commissioner of Internal Revenue v. Holmes' Estate, supra. It must follow that the judgment is correct and is affirmed.
 
 
 
 [1]
 '811. Gross estate. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States--
 '(c) Transfers in contemplation of, or taking effect at, death
 '(1) General rule. To the extent of any interest therein of which the decedent has at any time made a transfer * * * by trust or otherwise * * * (B) under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death * * * (ii) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; * * *.'