Estate of Gilbert H. Gleason, Deceased, Summit Trust Company, a Banking Corporation of the State of New Jersey, Executor v. Commissioner.
Estate of Gleason v. Commissioner
Docket No. 1066-64.
United States Tax Court
T.C. Memo 1965-293; 1965 Tax Ct. Memo LEXIS 36; 24 T.C.M. (CCH) 1630; T.C.M. (RIA) 65293; November 5, 1965
*36 In 1938, decedent Gilbert H. Gleason created a trust for the benefit of his son, Anthony H. Gleason. Decedent made himself trustee, along with a corporate trustee. Among other things, the trust indenture contained the following provision: "There is, however, reserved to the Trustees the power to withhold income payments in their discretion in which event such income so withheld shall be added to the principal and reinvested by the Trustees." Held, the value of the property in the Anthony H. Gleason trust at the time of decedent's death is includible in decedent's estate under the provisions of section 2036(a)(2), I.R.C. 1954. Irvine B. Johnstone, Jr., 190 Elm St., Westifield, N. J., for the petitioner. Eugene S. Linett, for the respondent. BLACK Memorandum Opinion BLACK, Judge: The Commissioner has determined a deficiency in the estate tax of the estate of Gilbert H. Gleason, deceased, in the amount of $44,110.30. The deficiency is explained in the deficiency notice as follows: Adjustments to Taxable Income
Taxable estate as disclosed by re-
turn
$386,864.60
Additions to value of taxable estate
and decrease in deductions: (a) Transfers during
decedent's life
$110,751.85
(b) Adjustments in
fair market value
1,156.36
112,908.21
Taxable estate as adjusted
$498,772.81
*38 Explanation of Adjustments (a) It has been determined that the assets in the Anthony H. Gleason Trust dated April 1, 1938, in amount of $110,751.85, are includible in the gross estate under Sections 2036 and 2038 of the Internal Revenue Code of 1954. (b) Adjusted to reflect fair market value of assets of Gilbert H. Gleason Trust at alternate valuation date as shown in schedules previously furnished. Petitioner assigns error to the determination of the Commissioner as follows: 4. The determination of tax set forth in the said notice of deficiency is based upon the following error: The assets transferred by the decedent to an inter-vivos trust called the "Anthony H. Gleason Trust" dated April 1, 1938, which were not included as part of the decedent's gross estate, are includible in the gross estate under Sections 2036 and 2038 of the Internal Revenue Code of 1954. The facts were all stipulated and the stipulation of facts, together with exhibits attached thereto, is incorporated herein by this reference. The petitioner, Summit Trust Company, is the duly appointed, qualified, and acting executor of the estate of Gilbert *39 H. Gleason, deceased, under letters testamentary granted on November 18, 1959, by the Surrogate's Court, Union County, New Jersey. The petitioner's decedent, Gilbert H. Gleason, died testate a resident of Summit, New Jersey, on October 27, 1959, at the age of 78. The decedent was survived by his widow, Celia B. Gleason, and by his only son, Anthony H. Gleason. Decedent's son Anthony was born in 1905. Decedent was also survived by two grandchildren, the children of Anthony. The Federal estate tax return was filed with the district director of internal revenue at Newark, New Jersey, on January 19, 1961. The gross estate was valued therein pursuant to the alternate valuation provided by section 2032 of the 1954 Code. During his lifetime the decedent created, as settlor, two trusts for the benefit of his son Anthony. One of these trusts, hereinafter called the Gilbert H. Gleason Trust, was created on September 2, 1930. The alleged value of the assets of this trust for estate tax purposes, $410,272.84, was included in the gross estate in the estate tax return filed on January 19, 1961, in Schedule G thereof. The other trust, hereinafter called the Anthony H. Gleason Trust, was created *40 on April 1, 1938. The existence of this trust was mentioned in Schedule G of the estate tax return for information purposes, but no value attributable to it was included in the gross estate. The parties agree that the value for estate tax purposes of the Anthony H. Gleason Trust is $110,751.85. The Anthony H. Gleason Trust was created by decedent as settlor on April 1, 1938, for the benefit of his son Anthony. Under the trust indenture of the Anthony H. Gleason Trust the decedent-settlor, Gilbert H. Gleason, and the State Street Trust Company, Boston, Mass., were cotrustees. The State Street Trust Company subsequently changed its name to Second Bank-State Street Trust Company. Since 1960 it has been known as the State Street Bank & Trust Company. Decedent served as cotrustee of the Anthony H. Gleason Trust from the time of its inception, April 1, 1938, to the date of decedent's death, October 27, 1959. Decedent was survived, inter alia, by the beneficiary of the subject trust, Anthony H. Gleason. On the date of decedent's death, October 27, 1959, Anthony was 54 years old. It has been stipulated that - 15. At no time from the creation of the subject trust to the decedent's *41 death, did the trustees withhold trust income from the beneficiary, Anthony H. Gleason, or apply any portion of the principal for the benefit of said beneficiary. The Anthony H. Gleason Trust, omitting formal parts not regarded as material to any question to be decided in this proceeding, contained the following provisions: III. Management of Trust Property The Trustees shall hold, manage and invest the property described in Schedule A hereto annexed, together with any additional property which may be added thereto at anytime, including any increments, additions by gift from any person whomsoever or however otherwise such additional property may be acquired, and after deducting all expenses properly chargeable to income, including such reasonable compensation as is herein provided for the services of the Trustees shall, subject to the provisions hereinafter contained, pay to ANTHONY H. GLEASON (son of the Settlor, Gilbert H. Gleason) the net income, such payments to be made semiannually or oftener at the convenience of the Trustees until the said Anthony attains the age of sixty (60) years, at which time the principal of said Trust as then constituted, together with any accumulated *42 income, shall be paid over and distributed free and discharged of all trusts to the said Anthony H. Gleason. There is, however, reserved to the Trustees the power to withhold income payments in their discretion in which event such income so withheld shall be added to the principal and reinvested by the Trustees. In addition to the payments of income hereinbefore authorized to be made to the said Anthony the Trustees are empowered in their discretion to use principal of the Trust Fund in case of illness befalling Anthony or any member of his family, or for the professional advancement of Anthony or for the educational advancement of his children, and such power so to use principal shall likewise be effective after Anthony's death, should he die prior to attaining the age of sixty (60), including the power to make payments of principal to any member of Anthony's family although not specifically named as a beneficiary hereunder. Any principal payments made for the benefit of Anthony's children shall be a charge against their respective ultimate share in the principal of said fund. If Anthony shall die prior to attaining the age of sixty (60) then the Trust herein established shall *43 continue for the benefit of his children and in the following manner: - Upon Anthony's death the principal of said fund shall be divided into as many shares as there are children of Anthony living and deceased children having left issue living (though such division need not be actual but may be for purposes of computation only). To each living child of Anthony who has attained the age of thirty (30) at the time of Anthony's death there shall be distributed free and discharged of all trusts his or her respective share of said Trust Fund. The income from the remaining share or shares of said fund shall be paid semiannually to such of said children of said Anthony as have not attained the age of thirty (30) until they respectively reach such age, and upon such child's reaching said age his or her respective share of said fund shall be distributed free and discharged of all trusts provided, however, the distribution of no share shall be postponed longer than twenty (20) years from the death of said Anthony. In case any child of said Anthony dies leaving issue prior to the receipt by such child of his or her distributive share as hereinbefore provided then such child's share shall be *44 distributed on his or her death to such issue free and discharged of all trusts, but if there be no issue surviving such child then such share shall be distributed at that time to the surviving brothers and sisters of said child or to the issue of a deceased brother or sister by right of representation, free and discharged of all trusts. In the event that there be a complete failure of issue and there be no person entitled to received the principal of said fund within the provisions hereinbefore contained then (at the time prescribed for final distribution) such fund or the portion thereof remaining undistributed shall be paid to DARTMOUTH COLLEGE for its general purposes. IV. Powers of Trustees The Trustees may hold any and all of the securities set forth in Schedule "A" and any other property which may be hereafter added to the trust, without responsibility for so doing. They shall, however, have full power and authority at any time and from time to time to sell the trust estate or any part thereof at public or private sale, to pledge, mortgage, lease, exchange or otherwise dispose of the same, to make and deliver all necessary or proper deeds and other instruments in writing *45 incident thereto, to invest and reinvest the proceeds thereof, to participate in such manner as they deem proper in any reorganization, merger or consolidation affecting any of the trust property, to compromise or compound any debts owing to them as such Trustees or any other claims, and to adjust any disputes in relation to debts or claims against them as such Trustees upon any evidence that to them shall seem sufficient, to hold certificates of stock, shares and securities endorsed in blank or in their name or in the name of a nominee or nominees, or in street certificates, and in all such cases without indication of the trusts hereunder, and generally in the management of the trust estate to do all acts and things which they shall deem necessary for the best interests of the trust. Whenever it becomes necessary to divide the trust estate for purposes of distribution or otherwise, the Trustees may make divisions without formal appraisal or sale; they may decide whether accretions to the trust property shall be treated as principal or income; all such divisions and decisions made by the Trustees in good faith shall be conclusive upon all parties in interest, and no purchaser at any *46 sale made by the Trustees shall be required to see to the application of the purchase money, and no firm, association or corporation any of whose securities are included in the trust estate, and no transfer agent of any such firm, association or corporation shall be required to ascertain whether or not the Trustees have the power and authority to sell or transfer any of such securities. The Trustees shall not be restricted by the usual rules relating to the investment of trust property, either because of the nature of the investments or their diversification, the intention of the Settlor hereunder being that the Trustees shall have all the powers which they would have in handling their own affairs, providing they exercised good faith and reasonable care. In extension of the powers hereinbefore vested in said Trustees to use principal of the fund for the purposes set forth under Clause III hereof, the Trustees, so long as Gilbert H. Gleason is a Trustee hereunder, may use any part or all of the assets of the trust for the purchase of real estate suitable and convenient for use as a home by the said Anthony and the Trustees may in their discretion erect buildings thereon. They may *47 rent such real estate to the said Anthony, or to any other person, for what they deem a reasonable rental, and out of the income of the trust may pay the taxes and cost of insurance on such real estate and make such repairs thereon as they shall deem necessary, and they may, in the event that the income of trust is insufficient to pay the taxes, cost of insurance and cost of repairs of such real estate, use principal therefor and may charge against the principal of the trust fund the cost of all repairs. They may convey such real estate so acquired as a home for the said Anthony to him with or without consideration therefor, and if such conveyance be without consideration or if only for a nominal consideration the Trustees shall be forever discharged from any liability to the said Anthony or any other person beneficially interested hereunder for having so conveyed such real estate. * * * * *
VII. Character of Trust - Irrevocable The within trust is hereby declared to be irrevocable without the right to alter, amend or revoke the same and without any power or reservation in the Settlor to revest in himself any right, title or interest in and to the trust property or any part *48 thereof. * * *
There are two issues in this proceeding and they may be stated as follows: 1. In respect to the Anthony H. Gleason Trust did the decedent at the date of his death possess the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom and thus make the corpus of the trust taxable under section 2036(a)(2) of the 1954 Code. 2. In respect to the Anthony H. Gleason Trust was the enjoyment of the property in said trust subject at the date of decedent's death to any change through the exercise of a power by the decedent alone or by the decedent in conjunction with any other person to alter, amend, revoke, or terminate the trust so as to make the property includable in decedent's estate under the provisions of section 2038(a)(1) of the 1954 Code. We shall take up and decide these issues in the order named. Issue 1 In his deficiency notice the Commissioner has determined that the value of the property in the Anthony H. Gleason Trust at the time of decedent's death is includable in his estate under the provisions of section 2036(a)(2). [1]
*49 In Struthers v. Kelm, 218 F. 2d 810 (C.A. 8, 1955), the Eighth Circuit held that where a trust instrument provided that the trustees, one of whom was the settlor, had the power to pay any part or all of the income to the beneficiaries or to reinvest the income for the benefit of the beneficiaries or to pay out the principal for the beneficiaries' benefit, the settlor had such control over the present right of the beneficiaries to enjoyment of the trust as to constitute the right to designate who should possess or enjoy the trust, and thus retained the trust assets within his estate for tax purposes. Among other things the court said: The Government's position is that the value of the three trusts should be included in Mrs. Barney's estate and taxed as a part of her estate because she retained the right, in conjunction with the other trustees, to designate the persons who should possess or enjoy the property or the income therefrom. That position is based upon the wording of the trust instruments which provide that the net income of the trust, or so much thereof as the trustees shall deem advisable, may be accumulated and invested for the benefit of the named beneficiary, *50 or the net income, or such portion of it as the trustees deem advisable, may be paid to the beneficiary, or that the trustees may use such amount of the principal from time to time for the care, support and maintenance of the beneficiary as they in their judgment and discretion may determine. The court sustained this contention of the Government on the authority of the Supreme Court's decision in Lober v. United States, 346 U.S. 335. In the instant case the trust indenture contains the following provision There is, however, reserved to the Trustees the power to withhold income payments in their discretion in which event such income so withheld shall be added to the principal and reinvested by the Trustees. It seems to us that the language above quoted brings the Anthony H. Gleason Trust within the rule of Struthers v. Kelm, supra. Petitioner strongly relies on the decision of the Fifth Circuit in Hays' Estate v. Commissioner, 181 F. 2d 169 (C.A. 5, 1950). But we call attention to the fact that in Lober v. United States, supra, upon which the Eighth Circuit relied in Struthers v. Kelm, the Supreme Court said: Relying on *51 the Holmes case, the Court of Claims upheld inclusion of these trust properties in Lober's estate. * * * This was done despite the assumption that the trust conveyances gave the Lober children an indefeasible "vested interest" in the properties conveyed. The Fifth Circuit Court of Appeals had reached a contrary result where the circumstances were substantially the same, in Hayes' Estate v. Commissioner, 181 F. 2d 169, 172-174. Because of this conflict we granted certiorari. * * * Therefore, in view of this language of the Supreme Court and that it affirmed the Court of Claims in Lober v. United States, we do not think that the Fifth Circuit's decision in Hayes' Estate v. Commissioner can any longer be regarded as good law. We think also that our decision in Estate of John J. Round, 40 T.C. 970 (1963), affd. 332 F. 2d 590 (C.A. 5, 1964) supports the Commissioner's determination in the instant case that the value of the trust property in the Anthony H. Gleason Trust should be included in decedent's estate under section 2036(a)(2). On this issue the Commissioner is sustained. Issue 2 This issue, as we have already stated, is whether *52 the value of the trust property in the Anthony H. Gleason Trust is includable in decedent's estate under the provisions of section 2038(a)(1). [2] Since we have held that the value of the property in the Anthony H. Gleason Trust is includable in decedent's estate under the provisions of section 2036(a)(2), there is no need for us to consider the impact, if any, of section 2038(a)(1). See State Street Trust Company v. United States, 263 F. 2d 635 at page 640 (C.A. 1, 1959).
*53 Decision will be entered under Rule 50. Footnotes
1. SEC. 2036. TRANSFERS WITH RETAINED LIFE ESTATE. (a) General Rule. - The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death - * * *
(2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom.↩
2. SEC. 2038. REVOCABLE TRANSFERS. (a) In General. - The value of the gross estate shall include the value of all property - (1) Transfers After June 22, 1936. - To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person (without regard to when or from what source the decedent acquired such power), to alter, amend, revoke, or terminate, or where any such power is relinquished in contemplation of decedent's death.↩