Estate of Harvey Deaktor, Deceased, Sidney Baker, Charles Deaktor and Western Pennsylvania National Bank, Executors v. Commissioner. *
Estate of Deaktor v. Commissioner
Docket No. 4394-65.
United States Tax Court
T.C. Memo 1966-194; 1966 Tax Ct. Memo LEXIS 90; 25 T.C.M. (CCH) 992; T.C.M. (RIA) 66194; August 31, 1966
Kalman A. Goldring, Jones Law Bldg., Pittsburgh, Pa., for the petitioners. Hobart Richey, for the respondent. DAWSON
Memorandum Opinion DAWSON, Judge: Respondent determined a deficiency in estate tax against the Estate of Harvey Deaktor in the amount of $26,736.18. [1]
Several issues have been settled by the parties and will be given effect under Rule 50. The only issue remaining for decision is whether the net value of the corpus of an irrevocable trust created by the decedent on May 11, 1955, is includible in his gross estate for estate tax purposes. The facts have been fully stipulated *92 by the parties and are hereby found accordingly. Harvey Deaktor died on September 13, 1962. The Federal estate tax return for his estate was filed with the district director of internal revenue, Pittsburgh, Pennsylvania. On May 11, 1955, the decedent Harvey Deaktor, created an irrevocable trust naming himself, his son, Charles L. Deaktor, and Sidney Baker, an attorney, as trustees. The trust agreement provides, in pertinent part, as follows: ARTICLE I. The Trust Estate is for the use and benefit of MYRNA C. DEAKTOR, daughter of the Donor, hereinafter referred to as the "BENEFICIARY". It is intended that this Trust shall be irrevocable, and by the execution of this instrument and the delivery of the Trust Estate to th Trustees, it is specifically understood and agreed that the assignment and transfer to the Trustees of the Trust Estate are made by the Donor without reserving to himself any right, power or authority to annual, cancel, amend, alter or revoke the same, and without any condition, limitation or reservation whatsoever other than as herein expressly set forth, and all of the trusts, powers, estates, duties and obligations hereby created and hereby conferred upon and *93 vested in the Trustees are irrevocable. In no event and under no circumstances shall the principal of the Trust Estate or accumulated or current income or any part thereof be distributed to the Donor, or to or for the Donor's estate or the Donor's benefit in any way. ARTICLE II. The Trustees shall hold, manage, invest and reinvest the Trust Estate in the manner hereinafter specified and shall collect the interest, dividends, rents and other income thereof and, after deducting the proper and necessary expenses in connection with the administration of the Trust Estate, shall accumulate the net income during the life of the Donor and shall invest and reinvest the same in the manner hereinafter specified until the said MYRNA C. DEAKTOR shall attain the age of thirty-five (35) years, at which time the Trustees shall pay over and deliver to the said MYRNA C. DEAKTOR, one-half (1/2) of the principal of the Trust Estate then existing, together with any income accumulated thereon as aforesaid; thereafter the Trust shall continue until the said MYRNA C. DEAKTOR shall attain the age of forty-five (45) years, at which time the balance of the principal and any accumulated income shall be paid *94 over and delivered to the said MYRNA C. DEAKTOR absolutely, whereupon this Trust shall cease and terminate. Upon the death of the said MYRNA C. DEAKTOR prior to the distribution of any of the principal of the Trust Estate, the Trustees shall pay the principal and any accumulated income in their hands as follows: (a) to the spouse and/or any decedents of the said MYRNA C. DEAKTOR, as she may, by her Last Will and Testament appoint, subject to the minority provisions as hereinafter provided; (b) in default of such appointment as aforesaid, to the issue of the said MYRNA C. DEAKTOR; (c) in default of said appointment and in the event there shall be no issue of the said MYRNA C. DEAKTOR her surviving, to CHARLES L. DEAKTOR, son of the Donor, or the issue of the said CHARLES L. DEAKTOR, in the event the said CHARLES L. DEAKTOR shall not survive MYRNA C. DEAKTOR, and in the event there be no such issue of the said CHARLES L. DEAKTOR to JEANNETTE DEAKTOR, wife of the Donor and mother of the said MYRNA C. DEAKTOR. In the event none of the foregoing persons or person shall be living at the death of the said MYRNA C. DEAKTOR to take as aforesaid, the principal of this Trust shall vest *95 in such persons other than the Donor who may be the heirs of the said MYRNA C. DEAKTOR under the Intestate Laws of the Commonwealth of Pennsylvania in effect at the time of the death of the said MYRNA C. DEAKTOR. In no event shall the principal or any accumulated income of this Trust vest in or be paid to the Donor or his estate under the provisions of this ARTICLE II or otherwise. * * *
ARTICLE IV. In the event that a distributee hereunder shall be a minor at the time he or she is entitled to receive a share of the principal of the Trust Estate, such minor's share shall be held in trust during his or her minority by the Trustees for his or her benefit and so much of the income arising from such share and so much of the principal thereof as the Trustees in their uncontrolled discretion may deem advisable, shall be paid over by the Trustees in convenient installments during his or her minority to the parent, guardian or such other person as may have the custody of the person of that minor at the time such payments are to be made, to be used for the maintenance, education and support of such minor but without liability on the part of the Trustees to see to the application of said *96 payments in the hands of the payee or payees. * * *
ARTICLE VI. From and after the time when the said MYRNA C. DEAKTOR shall have attained her majority or from and after the death of the Donor, whichever event shall first occur, the Trustees may pay any or all of the accumulated income to the said MYRNA C. DEAKTOR or for her benefit, and in the event that they deem it necessary or advisable, use from time to time so much of the principal of the Trust Estate and/or any accumulated income then in their hands as may in their opinion be necessary to defray the expenses of any illness, accident or other emergency occurring to the said MYRNA C. DEAKTOR, or to provide for her proper maintenance, education and support, to purchase or build and furnish a home for the said MYRNA C. DEAKTOR, to enable her to engage in travel or to enter a profession or commence a business. Within the limits of the authority herein granted, it is the Donor's intention that a liberal interpretation of the powers above set forth be made in the administration of this Trust, but in no event and under no circumstances shall the principal or income of this Trust under the foregoing powers or authority be used *97 in any manner to discharge or pay the legal obligation of the Donor to support the Beneficiary or any dependent of the Donor. No person or corporation dealing with the Trustees shall be required to inquire into the necessity or propriety of any of the Trustees' acts or to see to the application of any money paid to the Trustees. * * *
ARTICLE VIII. The Trustees or any of them may resign at any time during the existence of this Trust. In the event of the death, resignation or incapacity of HARVEY DEAKTOR, one of the Trustees, MELLON NATIONAL BANK & TRUST COMPANY, Pittsburgh, Pennsylvania, shall be substituted as Co-Trustee hereunder. In the event of the death, resignation or incapacity of either CHARLES L. DEAKTOR or SIDNEY BAKER or both, the remaining Trustees or Trustee shall continue as sole Trustees or Trustee and shall be vested with all the powers and authorities herein conferred upon the Trustees. The net value of the corpus of the trust was $91,199.31 on the applicable estate tax valuation date. Myrna C. Deaktor, the beneficiary of the trust, was a minor when the trust instrument was executed. At the time of decedent's death, she was over 21 years of age, but not *98 yet 35 years of age. The parties agree that a credit for State death taxes shall be computed under section 2011, Internal Revenue Code of 1954, and given effect under Rule 50. They also agree that the maximum marital deduction allowable shall be determined and given effect in a similar manner. Respondent contends that at the decedent's death he possessed, in conjunction with others, the right to designate the persons to possess or enjoy the trust property or income therefrom, thus making the corpus of the trust includable in the gross estate of decedent under section 2036(a)(2), Internal Revenue Code of 1954. [2] Respondent also contends that at the time of decedent's death the enjoyment of the trust corpus was subject to change through the exercise of a power by decedent, in conjunction with others, to alter, amend, revoke or terminate the trust, thus causing the trust corpus to be included in decedent's estate under section 2038(a)(1). [3] Respondent has chosen to bifurcate its position by relying on either or both sections of the statute. *99 Petitioners, on the other hand, contend that the decedent had no right under the trust agreement to invade corpus and, consequently, had no power to designate persons to enjoy its principal or income, thus permitting the decedent's estate to escape the thrust of section 2036(a)(2). Petitioners then argue that any powers to invade trust corpus which the decedent might have had under subsequent portions of the trust instrument were subject to an external standard and did not constitute a sufficient power to control the enjoyment of the trust corpus, thus permitting the estate to escape the ambit of section 2038(a)(1). We agree with the respondent that the net value of the trust corpus is includable in decedent's gross estate under the provisions of section 2036(a)(2). Under Article VI of the trust agreement, when Myrna Deaktor attained her majority, the decedent, in conjunction with others as co-trustees, had broad discretionary powers to pay the trust principal or accumulated income to her. Under Article II, when Myrna Deaktor attained the age of 35 years, one half of the trust principal and accumulated income was to be delivered to her; and when she attained the age of 45 years, *100 the balance of the trust corpus was to be turned over to her and the trust terminated. If she died, however, before either of the above events, the principal and accumulated income were to be distributed under a testamentary power of appointment granted to her or upon failure by her to exercise this power of appointment to persons or classes specifically designated in the trust instrument. Since at the time of the decedent's death Myrna Deaktor was not yet 35 years of age, it is clear that under the above provisions the decedent had the right, in conjunction with others, "to designate the persons who shall possess or enjoy the property or income therefrom." By not distributing income and principal to Myrna Deaktor as a life beneficiary the decedent would be in effect apportioning to the contingent remaindermen a greater share of the trust corpus if the initial beneficiary should die before termination of the trust and the vesting of trust corpus in her. This case is controlled by our opinion in Estate of John J. Round, 40 T.C. 970 (1963), affirmed 332 F. 2d 590 (C.A. 1, 1964). There the donor-decedent established three irrevocable trusts with himself as *101 a co-trustee. Under the "August" trust, the trustees had broad discretion to pay any part of the share held for a particular child whenever they deemed such distribution desirable. If a child died before attaining 21 years, his share was subject to a testamentary power of appointment in him, limited only in passing to that child's spouse, issue, or brothers or sisters or their issue. Since the power of decedent as co-trustee was ascertainable only by reference to his death, this Court found a "right to shift economic benefits and enjoyment from one person to another which is * * * contemplated by the phrase 'to designate the persons who shall possess or enjoy * * * the income' from the property." Estate of Milton J. Budlong, 7 T.C. 756, 763 (1946), affirmed on this issue sub nom. Industrial Trust Co. v. Commissioner, 165 F. 2d 142 (C.A. 1, 1947). Moreover, we pointed out that the power to invade corpus has also been held to be a right to designate the person who shall possess or enjoy the property or income therefrom under section 2036. Struthers v. Kelm, 218 F. 2d 810 (C.A. 8, 1955). Also see and compare Commissioner v. Holmes' Estate, 326 U.S. 480 (1946); *102 Lober v. United States, 346 U.S. 335 (1953); and United States v. O'Malley, 383 U.S. 627 (1966). Petitioners argue that if we find a sufficient external standard so that the decedent's power as trustee to control enjoyment of the trust corpus does not put him within section 2038(a)(1), it escapes the ambit of section 2036(a)(2) as well Without discussing the effect of Article VI's external standard on section 2038(a)(1), we note that in Estate of Milton J. Budlong, supra, even though the power to invade the corpus in case of sickness or other emergency was not a power to "alter, amend or revoke" within section 811(d) [the predecessor to section 2038(a)(1)], it did amount to a power to designate the person who should possess or enjoy income within the meaning of section 811(c) [the predecessor to section 2036(a)(2)]. Exactly the same rationale applies here. Accordingly, we hold that Harvey Deaktor was empowered, with the other trustees, to distribute the trust income to Myrna, the income beneficiary, or to accumulate it and add it to the principal, thereby denying to the beneficiary the privilege of immediate enjoyment and conditioning *103 her eventual enjoyment upon surviving the termination of the trust. In our judgment this is a significant power and of sufficient substance to be treated as a right "to designate the persons who shall possess or enjoy the property or income therefrom" within the purview of section 2036(a)(2). United States v. O'Malley, supra at pages 631-632. Having concluded that the net value of the trust corpus is includable in the decedent's estate under the provisions of section 2036(a)(2), there is no need for us to consider the applicability of section 2038(a)(1). To reflect this determination and the agreement of the parties on other issues, Decision will be entered under Rule 50. Footnotes
*. By Tax Court order dated 9/9/66, this caption replaced the original caption which only carried the name of Harvey Deaktor.↩
1. In his notice of deficiency the respondent took cognizance of the fact that, if petitioner's estate establishes the maximum credit for State death taxes paid, the deficiency will be reduced to $25,809.93.↩
2. SEC. 2036. TRANSFERS WITH RETAINED LIFE ESTATE. (a) General Rule. - The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death - * * *
(2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom. ↩
3. SEC. 2038. REVOCABLE TRANSFERS. (a) In General. - The value of the gross estate shall include the value of all property - (1) Transfers After June 22, 1936. - To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person (without regard to when or from what source the decedent acquired such power), to alter, amend, revoke, or terminate, or where any such power is relinquished in contemplation of decedent's death.↩