ESTATE of Marie E. ROTT, Deceased by Charles R. Sackmann and Richard M. Stout, Executors, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 70 C 57(1).

United States District Court, E. D. Missouri, E. D.

Jan. 27, 1971.

Richard M. Stout, Kirkwood, Mo., for plaintiffs.

Daniel Bartlett, Jr., U. S. Atty., Harold E. Zahner, Asst. U. S. Atty., St. Louis, Mo., Johnnie M. Walters, Asst. Atty. Gen., Jerome Fink and Michael C. Durney, Attys., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

MEREDITH, Chief Judge.

Plaintiffs bring this action as executors of the estate of Marie E. Rott, to recover an alleged overpayment of estate taxes for which claim for refund has been duly made and disallowed by the Commissioner of Internal Revenue. At issue in this proceeding is the question of whether or not certain trusts established by Marie E. Rott, prior to her death, should be included in her gross estate for estate tax purposes. The case was submitted by the parties to the Court for decision upon the pleadings, exhibits, and stipulations of fact. By stipulation, the parties have agreed that

if the issue is resolved in plaintiffs' favor, the amount of the refund for purposes of judgment shall be computed by the defendant, and submitted to plaintiffs for approval. If the parties are unable to agree upon the amount of the refund, the matter shall be presented to the Court for resolution. If the issue is decided in favor of the defendant, this problem will, of course, not arise.

During her lifetime, Marie E. Rott created eight trusts for the benefit of her grandchildren, Sheryl A. and Terry L. Tyrrell, naming herself as trustee. The operative provisions of the trusts, which are identical, except for the names of the beneficiaries, dates of birth, number of shares, and dates of execution, read as follows:

"I hold in trust for the use and benefit of my grandson, Terry L. Tyrrell, a minor, who was born on the 15th day of May, 1949, 455.82 shares and such additional shares as I may add thereto of the shares of Associated Fund Trust, a mutual fund existing under and by virtue of an indenture of trust dated the 23rd day of February, 1939, and most recently amended on the 7th day of March, 1955, to collect, and in my discretion, to apply, accumulate, invest or reinvest, to the use of and during the minority of said beneficiary, the income from the trust estate, and in my discretion to sell, assign, transfer and invest or reinvest all or any part of the trust estate without any obligation on the part of any purchaser to see to the application of the money, and to deliver to said beneficiary upon the termination of the minority of said beneficiary, the trust estate remaining, free from trust. This declaration of trust shall be irrevocable."

Under the provisions of the Internal Revenue Code, an estate tax is imposed upon the transfer of the estate of every decedent and the gross estate, upon which the tax is computed, includes not only the decedent's interest in property at the time of his death, but also, under 26 U.S.C. § 2036, all property

" * * * to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death—

(1) the possession or enjoyment of, or the right to the income from, the property, or

(2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom."

In the instant case, the decedent had, by the specific provisions of the trust instrument, given up any personal right which she had to possession or enjoyment of the property or the right to the income from the property. The question remains whether the decedent had, as trustee of the several trusts, retained the right to designate the persons who would possess or enjoy the property or the income from the property previously transferred in trust.

The power to accumulate income, as stated by the Supreme Court, "is a significant power, * * * and of sufficient substance to be deemed the power to 'designate' within the meaning of § 811(c) (1) (B) (ii) [predecessor to Section 2036]." United States v. O'Malley, 383 U.S. 627, 631, 86 S.Ct. 1123, 1126, 16 L.Ed.2d 145 (1966). By accumulating income, the decedent could determine whether the beneficiaries, their estates, or such persons as the beneficiaries had appointed by will would possess or enjoy the property or the income from the property transferred to the trusts. Ritter v. United States, 297 F.Supp. 1259 (S.D.W.Va.1968); Joy v. United States, 272 F.Supp. 544 (E.D.Mich.1967).

In an effort to avoid the above court decisions, the plaintiffs contend that the language of the trusts provides a sufficiently ascertainable external standard to remove it from the sweep of 26 U.S.C. § 2036. The language that the plaintiffs refer to as providing this standard is that the trusts limit the enjoyment of the principal and income "to the use of" the beneficiaries.

It is the opinion of this Court that this language does not provide an ascertainable standard so as to remove the trusts from the liability of section 2036. In a case using language similar to the language used in this trust, the Court of Appeals for the First Circuit held that the quoted phrase in the will permitting invasion of principal of a charitable trust for "use and benefit" of testator's widow was insufficient to establish a measurable standard of permissible principal invasions. Newton Trust Co. v. Commissioner of Internal Revenue, 160 F.2d 175 (1st Cir. 1947); See, Struthers v. Kelm, 218 F.2d 810 (8th Cir. 1955); Industrial Trust Co. v. Commissioner of Internal Revenue, 165 F.2d 142 (1st Cir. 1947). The Supreme Court has held that in order to constitute an ascertainable standard, the language of the trust must be "fixed in fact and capable of being stated in definite terms of money." Ithaca Trust Co. v. United States, 279 U.S. 151, 154, 49 S.Ct. 291, 73 L.Ed. 647 (1929).

In the instant case, the settlor had, by retaining the power to accumulate or distribute income, the power to deny the beneficiaries the immediate enjoyment of the property and the conditioning of their eventual enjoyment upon surviving the termination of the trust. Under these circumstances and the reasoning applied in *O'Malley*, it is the decision of this Court that the date of death, values of the assets of the eight trusts created by Marie E. Rott, should be included in her gross estate for estate tax purposes.