LOBER ET AL., EXECUTORS, *v.* UNITED STATES.

No. 30.   Argued October 16, 1953.—Decided November 9, 1953.

*David Stock* argued the cause and filed a brief for petitioners.

*Charles K. Rice* argued the cause for the United States. With him on the brief were *Acting Solicitor General Stern, Assistant Attorney General Holland, Ellis N. Slack, Lee A. Jackson, Marvin E. Frankel* and *Elizabeth B. Davis.*

MR. JUSTICE BLACK delivered the opinion of the Court.

This is an action for an estate tax refund brought by the executors of the estate of Morris Lober. In 1924 he signed an instrument conveying to himself as trustee money and stocks for the benefit of his young son. In 1929 he executed two other instruments, one for the benefit of a daughter, the other for a second son. The terms of these three instruments were the same. Lober was to handle the funds, invest and reinvest them as he deemed proper. He could accumulate and reinvest the income with the same freedom until his children reached twenty-one years of age. When twenty-one they were to be paid the accumulated income. Lober could hold the principal of each trust until the beneficiary reached twenty-five. In case he died

his wife was to be trustee with the same broad powers Lober had conveyed to himself. The trusts were declared to be irrevocable, and as the case reaches us we may assume that the trust instruments gave Lober's children a "vested interest" under state law, so that if they had died after creation of the trusts their interests would have passed to their estates. A crucial term of the trust instruments was that Lober could at any time he saw fit turn all or any part of the principal of the trusts over to his children. Thus he could at will reduce the principal or pay it all to the beneficiaries, thereby terminating any trusteeship over it.

Lober died in 1942. By that time the trust property was valued at more than $125,000. The Internal Revenue Commissioner treated this as Lober's property and included it in his gross estate. That inclusion brought this lawsuit. The Commissioner relied on § 811 (d)(2) of the Internal Revenue Code, 26 U. S. C. § 811 (1946 ed.). That section, so far as material here, required inclusion in a decedent's gross estate of the value of all property that the decedent had previously transferred by trust "where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power . . . to alter, amend, or revoke . . . ." In *Commissioner* v. *Holmes,* 326 U. S. 480, we held that power to terminate was the equivalent of power to "alter, amend, or revoke" it, and we approved taxation of the Holmes estate on that basis. Relying on the *Holmes* case, the Court of Claims upheld inclusion of these trust properties in Lober's estate. 124 Ct. Cl. 44, 108 F. Supp. 731. This was done despite the assumption that the trust conveyances gave the Lober children an indefeasible "vested interest" in the properties conveyed. The Fifth Circuit Court of Appeals had reached a contrary result where the circumstances were substantially the same, in *Hays' Estate* v. *Commissioner,* 181 F. 2d 169, 172–174. Because of this conflict, we granted certiorari. 345 U. S. 969.

Petitioners stress a factual difference between this and the *Holmes* case. The *Holmes* trust instrument provided that if a beneficiary died before expiration of the trust his children succeeded to his interest, but if he died without children, his interest would pass to his brothers or their children. Thus the trustee had power to eliminate a contingency that might have prevented passage of a beneficiary's interest to his heirs. Here we assume that upon death of the Lober beneficiaries their part in the trust estate would, under New York law, pass to their heirs. But we cannot agree that this difference should change the *Holmes* result.

We pointed out in the *Holmes* case that § 811 (d)(2) was more concerned with "present economic benefit" than with "technical vesting of title or estates." And the Lober beneficiaries, like the Holmes beneficiaries, were granted no "present right to immediate enjoyment of either income or principal." The trust instrument here gave none of Lober's children full "enjoyment" of the trust property, whether it "vested" in them or not. To get this full enjoyment they had to wait until they reached the age of twenty-five unless their father sooner gave them the money and stocks by terminating the trust under the power of change he kept to the very date of his death. This father could have given property to his children without reserving in himself any power to change the terms as to the date his gift would be wholly effective, but he did not. What we said in the *Holmes* case fits this situation too: "A donor who keeps so strong a hold over the actual and immediate enjoyment of what he puts beyond his own power to retake has not divested himself of that degree of control which § 811 (d)(2) requires in order to avoid the tax." *Commissioner* v. *Holmes, supra,* at 487.

*Affirmed.*

MR. JUSTICE DOUGLAS and MR. JUSTICE JACKSON dissent.