248 F.2d 181
 57-2 USTC P 11,718
 ESTATE of Mary Lois K. McINTOSH, deceased, Russell L.
McIntosh and Empire Trust Company, Executors, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
ESTATE of Mary Lois K. McINTOSH, deceased, Russell L.
McIntosh and St. Louis Union Trust Company,
Trustees and Transferees, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
ESTATE of Mary Lois K. McINTOSH, deceased, Eugene Kilpatrick
Perry, Transferee, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 Nos. 321-323, Dockets 24345-24347.
 United States Court of Appeals Second Circuit.
 Argued May 15, 1957.
Decided Aug. 30, 1957.
 
 Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for petitioners in Nos. 24345 & 24346, Parker, Duryee, Benjamin, Zunino & Malone, New York City, for petitioner in No. 24347; Robert M. Benjamin, New York City, Arthur M. Comley, Bridgeport, Conn., Raymond A. Carter, New York City, Frederick Pope, Jr., Bridgeport, Conn., and Sidney D. Rosoff, New York City, of counsel.
 Charles K. Rice, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson and Morton K. Rothschild, Washington, D.C., for appellee-respondent.
 Before CLARK, Chief Judge, and SWAN and POPE, Circuit Judges.
 POPE, Circuit Judge.
 
 
 1
 The petitioners here are the Estate of Mary Lois K. McIntosh, deceased, and the above named transferees from said estate. The Commissioner determined a deficiency in estate tax due from that estate, and determined the same deficiency against the other petitioners as transferees. Separate petitions for redetermination were filed in the Tax Court, but since the petitioning transferees conceded that if a deficiency was determined against the estate, the same decision must be made against them, all three petitions were consolidated for hearing in the Tax Court. Following the Tax Court's decisions upholding the Commissioner's determinations of deficiency, petitions to review were filed here, and all three were consolidated for briefing and hearing in this court.
 
 
 2
 The findings and opinion of the Tax Court are reported at 25 T.C. 794. Because we assume familiarity with those findings we make no effort to repeat them here. The Tax Court upheld the Commissioner on two separate grounds. In affirming we find it unnecessary in this opinion to do more than indicate the reasons why we approve the Tax Court's finding that the decedent released her power of appointment in contemplation of death within the meaning of 811(d)(2) of the Internal Revenue Code of 1939, 26 U.S.C.A. 811(d)(2).[1]
 
 
 3
 The deficiency here involved arises from the determination of the Commissioner that there should be included in the estate for estate tax purposes the value of the property transferred in trust in 1929 by the trust instrument set out in the Tax Court's opinion. Under that trust, property previously owned by Mary Lois K. Perry (later Mary Lois K. McIntosh), the decedent, was conveyed to trustees to be held in trust 'for the sole use and benefit of Mary Lois K. Perry * * * for and during her natural life,' the entire net income to be paid to her in monthly installments. Following further provisions that she should have no power to sell, assign or anticipate any interest created by this instrument, it was provided as follows:
 
 
 4
 'On the death of the said Mary Lois K. Perry, the trust hereby created shall end, and the entire trust estate created by this instrument, together with any and all accumulated and undistributed income therefrom, shall go to such parties and under such terms and conditions as the said Mary Lois K. Perry may, by her last will, direct. In the event that the said Mary Lois K. Perry shall die intestate, or should fail to exercise said power by her last will, then, on her death, the entire trust estate hereby created, together with any and all accumulated and undistributed income therefrom, shall go and pass to the then heirs at law of the said Mary Lois K. Parry, under the statutes of descent and distribution of the State of Missouri, free of any trust whatever. * * *'
 
 
 5
 It was the power of appointment stated in the first sentence just quoted which was relinquished by the 'Release of Power' copied in the Tax Court's findings. The case turns upon the question whether that relinquishment by Mary Lois K. McIntosh was in contemplation of her death within the meaning of 811(d)(2).
 
 
 6
 The evidence was that for a considerable period prior to the execution of this 'Release of Power,' which occurred on November 4, 1943, Mrs. McIntosh had been seeking advice, and taking certain steps designed to avoid the payment of estate taxes. In 1941 the corporate trustee under the trust wrote her, answering an inquiry as to whether she could make a present assignment of trust income to her son, as follows:
 
 
 7
 '* * * You cannot make a valid assignment of this income to your son, or in fact to any one, as it appears from the terms of this trust that the intention was to be certain that you personally receive the income produced by this trust fund. You do have the right to dispose of this fund in your will but from a tax standpoint it would seem desirable, if it is your desire that your son have this property, that you do not exercise this right.
 
 
 8
 'You should, of course, have a will disposing of the property that you have other than that which is contained in this trust estate. The federal tax authorities under present practice tax the exercise of a power of disposition the same as if you owned the property if the power of disposition is exercised. If this power to dispose of the trust property is not exercised and this property is allowed to go to your son under the trust agreement, there would be a definite tax advantage. This does not mean that you shouldn't make a will. We strongly recommend that you have your attorney draw your will and advise you on these matters as we cannot undertake to give legal advice, and we would suggest that in the drafting of your will the tax situation be given full consideration.'
 
 
 9
 As a result of this suggestion of the trustee, decedent consulted an attorney and made a new will which specifically refrained from exercising the power. This new will replaced an old one in which she had undertaken to exercise the power of appointment. Then came the Trustee's suggestion of May 27, 1943, that in the light of certain changes in the 1942 Revenue Act, it would be well for decedent to review her power under the trust instrument. Upon advice of counsel she then executed the 'Release of Power' above referred to. The letter from her attorneys, on which she acted, was devoted wholly to discussion of the recommended action as a procedure designed to avoid estate taxes.[2] The decedent's husband testified before the Tax Court that he knew of no reason for the relinquishment of the power other than the saving of taxes.
 
 
 10
 We think it clear that the power of appointment quoted above, whereby 'the entire trust estate' should be made to 'go to such parties and under such terms and conditions as the said Mary Lois K. Perry may, by her last will, direct,' was, because of the circumstances attending the creation of the trust a reserved power,-- a power 'to alter, amend, or revoke,' within the meaning of 811(d)(2) (footnote 1, supra). These circumstances were the manner in which decedent conveyed the properties to a young lawyer who executed the trust instrument merely as the nominal settlor of the trust. Hence the interest here involved was, in the language of 811(d)(2), one 'of which the decedent has * * * made a transfer.' Lehman v. Commissioner, 2 Cir., 109 F.2d 99, 100.[3] And the power here was one to 'alter, amend or revoke.' Cf. Lober v. United States, 346 U.S. 335, 74 S.Ct. 98, 98 L.Ed. 15; Commissioner of Internal Revenue v. Holmes' Estate, 326 U.S. 480, 66 S.Ct. 257, 90 L.Ed. 228; Porter v. Commissioner, 288 U.S. 436, 53 S.Ct. 451, 77 L.Ed. 880.
 
 
 11
 This brings us to the final question, is the finding that the decedent relinquished the power in contemplation of her death a proper one upon this record? Although conceding that when she made the release decedent was in good physical condition and had no particular concern about dying, the court found that her purpose in releasing the power was to save estate taxes,-- this was her 'dominant motive.' The evidence sufficiently sustains that finding. We see no basis on which it could be held to be clearly erroneous. This court has sustained a holding that transfers were made in contemplation of death when their preponderant motive was avoidance of estate taxes. Slifka v. Johnson, 2 Cir., 161 F.2d 467, following Vanderlip v. Commissioner, 2 Cir., 155 F.2d 152. The record abundantly justified a finding that 'the thought of death (was) the impelling cause' of the release.[4]
 
 
 12
 Petitioner argues that decedent could have had no such dominant motive, for it was not she but the corporate trustee which took the initiative; that all that she did reflected 'the passivity of her thought.' Her acquiescence in the advice of others does not alter the fact that the advice she accepted was designed to avoid estate taxes. We agree with the Tax Court that it is immaterial that some of this advice was mistaken. (See footnote 2 above.) Petitioners note that in 1950 Congress added a new subdivision to 811 to the effect that no relinquishment made more than three years prior to date of death should be deemed to have been made in contemplation of death. (Act of September 23, 1950, 64 Stat. 962.) It is suggested that this indicates a Congressional disapproval of a holding such as that made by the Tax Court here where there is no showing that death was thought to be close at hand. The short answer is that the amendment thus made was expressly made applicable only to estates of decedents dying after that date. This decedent died May 21, 1949.
 
 
 13
 It is argued that the facts here are not distinguishable from those in Allen v. Trust Co. of Ga., 326 U.S. 630, 66 S.Ct. 389, 90 L.Ed. 367, where an opposite conclusion was reached. In that case, it appeared that the relinquishment of the power was made for the purpose of accomplishing fully, and in line with his original intention, decedent's purpose when he established trusts for his children, namely, to make complete gifts, freed of all claims, including taxes. On those facts two courts found the release was not made in contemplation of death. Here, on the contrary, the court entrusted with finding the facts has found, on sufficient evidence, that there was contemplation of death. The relinquishment here, made on November 4, 1943, cannot be related to an earlier effort to make a disposition having a 'life intent,' for the earlier actions in 1941 when the decedent substituted a new will specifically refraining from exercising the power, were all taken with the same purpose of avoiding taxes.
 
 
 14
 The decisions of the Tax Court are affirmed.
 
 
 
 [1]
 '811. Gross estate. * * * (d) Revocable transfers * * *
 '(2) Transfers on or prior to June 22, 1936. To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Except in the case of transfers made after June 22, 1936, no interest of the decedent of which he has made a transfer shall be included in the gross estate under paragraph (1) unless it is includible under this paragraph.'
 
 
 [2]
 The Tax Court alluded to the fact that decedent thought her relinquishment of the power would result in nontaxability. Petitioner suggests this was the result of an honest mistake on the part of both the attorneys who were not aware of the background of the trust which required the power to be treated for this tax purpose as a reserved rather than a donated power. Petitioners concede the correctness of the statement in footnote 2 of the Tax Court's opinion that the section of the Revenue Act of 1942 on which the attorney's advice was based had reference to donated powers only, and not to reserved powers as referred to in 811(d)
 
 
 [3]
 That case dealt with 302(d) of the Revenue Act of 1926, the wording of which was the same as that of 811(d) so far as here material. Other cases which have followed the Lehman case are cited in Newberry's Estate v. Commissioner, 3 Cir., 201 F.2d 874, 877
 
 
 [4]
 The quoted language is from United States v. Wells, 283 U.S. 102, 118, 51 S.Ct. 446, 452, 75 L.Ed. 867