262 F.Supp. 27 (1966)
ST. LOUIS UNION TRUST COMPANY, a corporation, Administrator c.t.a. under the Will of Florence Lambert Orthwein, deceased, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 65 C 300(2).
United States District Court E. D. Missouri, E. D.
September 22, 1966.
Boyle, Priest, Elliott & Weakley, St. Louis, Mo., for plaintiff.
*28 Richard D. FitzGibbon, Jr., U. S. Atty., John A. Newton, Asst. U. S. Atty., St. Louis, Mo., and Elliott H. Kajan, Atty., Dept. of Justice, Washington, D. C., for defendant.

MEMORANDUM
MEREDITH, District Judge.
This matter was tried to the Court and the Court makes the following findings of fact and conclusions of law:
This is a suit by the Administrator of the Estate of Florence Lambert Orthwein to recover federal estate taxes in the amount of $78,172.63, together with interest. All the necessary statutory requirements have been met and the suit is properly brought and this Court has jurisdiction under 28 U.S.C. § 1346.
On May 24, 1928, the New York Life Insurance Company issued a twenty-payment life insurance policy to the decedent in the amount of $100,000. On November 3, 1924, decedent was issued two twenty-payment life insurance policies by the Missouri State Life Insurance Company in the amounts of $80,000 and $20,000, respectively. The Missouri State Life Insurance Company was later reorganized and is now the General American Life Insurance Company. All three of the policies were payable to the executors, administrators or assigns of the insured.
On June 29, 1928, decedent assigned all three life insurance policies to the St. Louis Union Trust Company of St. Louis, Missouri, as trustee under the terms of a trust indenture executed by the insured on that date. The trust generally provided that the trustee should be the beneficiary of the insurance proceeds upon the death of Mrs. Orthwein. The trustee was to distribute the income of the trust estate to the decedent's two children. The provisions of the trust indenture relevant to the question before the Court are as follows:
"TENTH: This trust shall be operative only with respect to the proceeds of such policies of insurance upon the Grantor's life as may be due and payable in the event of her death, and any and all payments, dividends, surrender values, options and benefits of any kind, which may accrue on account thereof during the lifetime of said Grantor shall be for his benefit and shall not be subject to this trust.
"Other policies may be made subject to the terms of this trust upon written notice to that effect signed by the Grantor and delivered to the Trustee.
"ELEVENTH: It is hereby agreed that the trust is irrevocable.
* * * * * *
"THIRTEENTH: The trust shall in no event be terminated until the proceeds of the life insurance policies, which are made subject to this trust, have been fully paid over to the Trustee herein, to be by them held and distributed in accordance with the provisions of this indenture; and the payment of such proceeds to the Trustee shall release and discharge the respective life insurance companies from any and all other or further liability thereon or accounting therefor to any person whomsoever."
The assignment of each of the policies contained the following language:
"For value received, I, * * * hereby assign and transfer unto St. Louis Union Trust Company of St. Louis, Missouri, as Trustee, under the terms of a trust indenture executed under date of June 29, 1928, * * *."
The proceeds of the three insurance policies were included in the estate of the decedent and the real question for the Court to determine is whether or not under the foregoing circumstances the decedent at the date of her death possessed "any incidents of ownership" with respect to the three insurance policies on her life, exercisable either alone or in conjunction with any other person, so as to render the proceeds of the policies includable in the decedent's gross estate under section 2042 of the Internal Revenue Code of 1954 (26 U.S.C. 2042); and whether the value of the trust is includable under section 2038 of the Internal *29 Revenue Code of 1954 (26 U.S.C. 2038) because the decedent had the power to revoke the trust insofar as these insurance policies were concerned.
The term "incidents of ownership" for the purposes of section 2042 is not defined in the Internal Revenue Code of 1954, but it is defined in the Treasury Regulations on Estate Taxes, section 20.2042-1, to include the power to change the beneficiary, to surrender or cancel the policy, to assign the policy, to revoke an assignment, to pledge the policy for a loan, or to obtain from the insurer a loan against the surrender value of the policy. These regulations are proper regulations considering the legislative history of the enactment of these sections of the Internal Revenue Code.
The plaintiff argues that the assignments of the policies in question absolutely divested deceased of all incidents of ownership and states that the language of the trust contained in Article Tenth should be disregarded because it is inconsistent with Article Eleventh and Article Thirteenth. The plaintiff introduced some inconclusive evidence to show that a request had been made by the deceased to obtain the cash surrender value of the policies, which request had been denied by the Trustee. In determining what the documents reasonably mean, it would appear to the Court that the assignments of the policies were not absolute, but were assigned in accordance with the terms of the trust indenture. While the trust indenture itself states it is irrevocable in Article Eleventh, Article Tenth specifically provides that "all payments, dividends, surrender values, options and benefits of any kind which may accrue on account thereof during the lifetime of said Grantor shall be for his benefit and shall not be subject to this Trust." Article Thirteenth of the trust provides that "the proceeds of the life insurance policies which are made subject to this trust."
This language together indicates only one meaning, which is that the deceased, during her lifetime, had the right to obtain the cash surrender value of the policy, in which event there would be no proceeds of the policies and, accordingly, the trust would never receive the proceeds.
In Re Rhodes' Estate, 174 F.2d 584 (3d Cir. 1949), the Court held that the right to receive the cash surrender value of a life insurance policy and to change the beneficiary was such reservation of control on the part of the settlor that subjects the trust to the estate tax. See also Lehman v. Commissioner of Internal Revenue, 109 F.2d 99 (2d Cir. 1940); Lober v. United States, 346 U.S. 335, 74 S.Ct. 98, 98 L.Ed. 15 (1953); Commissioner of Internal Revenue v. Estate of Holmes, 326 U.S. 480, 66 S.Ct. 257, 90 L.Ed. 228 (1946); Florida National Bank v. United States, 336 F.2d 598 (3d Cir. 1964); Rhode Island Hosp. Tr. Co. v. Commissioner of Internal Revenue, 219 F.2d 923 (1st Cir. 1955).
The plaintiff appears to rely on the following cases: Lincoln Nat. Life Ins. Co. v. Scales, 62 F.2d 582 (5th Cir. 1933); St. Louis Union Trust Co. v. Dudley, 162 S.W.2d 290 (Mo.App.1942); Cornell v. Mutual Life Insurance Co. of New York, 179 Mo.App. 420, 165 S.W. 858 (1914); and Butterworth v. Mississippi Valley Trust Co., 362 Mo. 123, 240 S.W.2d 676, 30 A.L.R.2d 1298 (1951).
None of these cases shed any light on the instant situation and are clearly distinguishable from the case at bar. The reservation of the right of the decedent in this case to receive the cash surrender value of the policies in question under the language of the assignment and the trust is clearly an incident of ownership. The inconclusive evidence of the decedent's request to obtain the policy for the purpose of obtaining the surrender value which was denied by the trustee is not of any value because what the decedent may have done and what the trustee refused to do are not determinative of the rights of the parties under the instruments in question.
An order will be entered dismissing the complaint at the cost of the plaintiff.