**Dorothy STUIT, transferee and Estate of Jennie Vanderpoel, deceased, Dorothy Stuit, Executrix, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

Nos. 18783, 18784.

United States Court of Appeals, Seventh Circuit.

Nov. 22, 1971.

R. Douglas Campbell, Chicago, Ill., for petitioners-appellants; Bentley, Campbell, DuCanto & Silvestri, Chicago, Ill., of counsel.

Johnnie M. Walters, Asst. Atty. Gen., Michael L. Paup, Meyer Rothwacks, Bennet N. Hollander, Attys., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

KNOCH, Senior Circuit Judge, KILEY, Circuit Judge, and CAMPBELL, Senior District Judge.*

KNOCH, Senior Circuit Judge.

Petitioner-appellant, Dorothy Stuit, Executrix of the Estate of Jennie Vanderpoel, deceased, filed an estate tax return. The respondent-appellee, Commissioner of Internal Revenue, found a deficiency in estate taxes and made a transferee assessment against Dorothy Stuit who filed petitions in the Tax Court for the estate and for herself as transferee which were consolidated. These appeals are taken from the decisions of the Tax Court, 54 T.C. 580, in favor of the Commissioner.

The Tax Court has reached the same conclusion in two subsequent cases involving similar state statutes: Estate of Jacoby v. Commissioner, 1970, 29 T.C.M. 737 (Missouri) and Estate of Prudowsky v. Commissioner, 1971, 55 T.C. 890 (Wisconsin) (appeal pending in this Court, No. 71–1716).

The facts as briefly set out here are not in dispute.

On July 26, 1961, Mrs. Vanderpoel, who died October 16, 1964, transferred to herself as custodian for her grandsons Van Thomas Stuit and Harold J. Stuit, 300 shares (150 shares each) of her common stock in The American Telephone and Telegraph Company under the Illinois Uniform Gift to Minors Act (Illinois Rev.Stat.1969, Ch. 3, § 531 et seq.). These shares, which on June 1, 1964 were split two for one, worth about $41,100 at the decedent's death, were not included in the decedent's estate in the estate tax return. None of the principal had been expended at the time of death. The dividends on these shares were received by decedent as custodian. She did not pay them to, or expend them for, her grandsons. Their actual disposition is unknown. It is agreed that as transferee Mrs. Stuit is liable for any deficiency which may finally be determined.

Under § 2038, Internal Revenue Code, 1954, the value of gratuitously transferred property is included in a decedent's estate if, at the time of death, he held the power to change the enjoyment of the property by exercise of his power to alter, amend, revoke or terminate, even though the identity of the beneficiary is, and cannot be, affected.[1] Lober v. United States, 1953, 346 U.S. 335, 74 S.Ct. 98, 98 L.Ed. 15; Commissioner of Internal Revenue v. Estate of Holmes, 1946, 326 U.S. 480, 66 S.Ct. 257, 90 L. Ed. 228.

Petitioners would distinguish these cases as involving living trusts and as providing in Holmes for the share of a beneficiary dying without issue to go to the other beneficiaries or their surviving issue. Petitioners argue that in these cases there was no grant of "enjoyment" of the trust property so that by terminating the trusts, the grantor would be conferring enjoyment where none had been conferred before. In this case, they contend "full enjoyment" has already been bestowed and the grantor's use of the custodian property for the grandsons' "benefit" at her discretion does not constitute a change in "enjoyment" because one cannot have more than full enjoyment.

* Senior District Judge Campbell of the Northern District of Illinois is sitting by designation.

1. § 2038. Revocable transfers
(a) In general.—The value of the gross estate shall include the value of all property—
(1) Transfers after June 22, 1936.—To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person (without regard to when or what source the decedent acquired such power), to alter, amend, revoke, or terminate, or where any such power is relinquished in contemplation of decedent's death.

Under the provisions of the Illinois Uniform Gift to Minors Act, the decedent at any time could transfer these shares or any part of them or the income therefrom to the grandsons or expend the property for their "support, maintenance, education and benefit" to the extent she in her discretion deemed "suitable and proper". The grandsons could compel distributions only for their "support, maintenance or education", if needed.

The Commissioner argues that the use of the word "benefit" in this context is no less subjective than the grandsons' "best interest" which has been held fatally indefinite. Old Colony Trust Co. v. United States, 1 Cir., 1970, 423 F.2d 601, 604.

Petitioners feel that recourse to an objective standard of limitation on the grantor's use of the custodial property is relevant only when the interest conveyed is fragmented between concurrent or successive interests not when full enjoyment is received at the time of the original gift, pointing out that in Old Colony remainder interests were involved.

However, the decedent here could distribute the entire custodial property to the grandsons and terminate the arrangement. This power to terminate has been held to be a power within the scope of § 2038. Like the Lober and Holmes beneficiaries, the Stuit grandsons, short of securing a court order on proof of actual need for support, maintenance or education, would receive no present right to immediate enjoyment of income or principal regardless of whether the property vested in them or not. They were obliged to wait on the decedent's unrestricted discretion during their minority unless she elected to terminate the arrangement earlier, a power she retained until her death.

The petitioners would draw an analogy from § 2503 which provides, for purposes of the annual gift tax exclusion, that certain gifts to minors be considered "present interests" and they contend that the Stuit grandsons already had full "enjoyment" which could never be taken from them as, in the event of their death, the property would come to their estates.

Petitioners cite Holmes for the view that "present interest" for gift tax purposes has the same meaning as "enjoyment" for estate tax purposes, as the Court in Holmes said that laws relating to estate taxes and gift taxes were not completely reciprocal but that there could be no difference in the meaning of the words "enjoyment" and "enjoy" as used in the respective statutes. The Court in Holmes also said (326 U.S. p. 486, 66 S.Ct. 257, 90 L.Ed. 228) that both terms "enjoyment" and "enjoy" are not terms of art but connote substantial present economic benefit rather than technical vesting of titles or estates.

The Tax Court has considered this theory of analogy drawn from the gift tax statute and decided it adversely to petitioners' view in Estate of Varian v. Commissioner of Internal Revenue, 1966, 47 T.C. 34, aff'd 9 Cir., 1968, 396 F.2d 753, cert. den. 393 U.S. 962, 89 S.Ct. 402, 21 L.Ed.2d 376.

When Congress passed § 2503(c) allowing donors to take the $3000 annual gift tax exclusion for certain gifts to minors (such as those under the Illinois Uniform Gift to Minors Act) and relieving donors of the necessity of filing a gift tax return for gifts under $3000 [Internal Rev.Code, 1954, § 6019(a)], Congress at the same time passed essentially unchanged from its predecessor in the 1939 Code, § 2038, 3 U.S.Code Cong. and Admin.News, 1954, pp. 4017, 4457, 4621, 5113.

The decisions of the Tax Court are affirmed.

Affirmed.