SANFORD L. KORSCHUN, EXECUTOR OF THE ESTATE OF CHARLES S. KORSCHUN v. I. L. CLAYTON, NORTH CAROLINA COMMISSIONER OF REVENUE

No. 718SC634

(Filed 29 December 1971)

Taxation § 27— inheritance tax — gift to minor — donor as custodian

The value of property which is the subject of a gift to the donor's unemancipated minor child under the North Carolina Uniform Gifts to Minors Act is includable in the gross estate of the donor for State inheritance tax purposes where the donor appoints himself as custodian of the property and dies while serving in that capacity before the minor donee attains his majority. G.S. 105-2(3).

APPEAL by defendant from *Cohoon, Judge,* 31 May 1971 Civil Session, Superior Court of WAYNE County.

Charles S. Korschun died a resident of Wayne County, North Carolina, on 6 July 1967. Plaintiff is the duly appointed, qualified, and acting executor of his estate. After the death of Charles S. Korschun, an "Inheritance and Estate Tax Return" was duly filed, and the tax paid upon the assets shown therein to be taxable. Thereafter, defendant assessed an additional tax in the amount of $3,249.76 which plaintiff paid under protest. Defendant refused plaintiff's demand for refund, and this action was brought to recover the additional tax which plaintiff contends was wrongfully assessed. The additional assessment resulted from the inclusion by defendant in the tax-

able estate of 103 shares of Pepsi-Cola Bottling Company of Goldsboro, Inc., which had a fair market value of $55,978.44 on the valuation date. Decedent, during his lifetime, had made a gift of this stock to himself as custodian for his son, Howard M. Korschun, under the provisions of the Uniform Gift to Minors Act (G.S. 33-68 through G.S. 33-77). The gift was made more than three years prior to the death of decedent. The matter was heard by the court without a jury and upon an agreed statement of facts, the court entered judgment in favor of plaintiff, and defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Banks, for defendant appellant.*

*Smith and Everett, by W. Harrell Everett, Jr., for plaintiff appellee.*

MORRIS, Judge.

The sole question presented by this appeal is this: Is property which is the subject of a gift to a donor's unemancipated minor child under the North Carolina Uniform Gifts to Minors Act includable in the gross estate of the donor, for inheritance tax purposes pursuant to Schedule A, Article 1, Subchapter I, Chapter 105 of the General Statutes of North Carolina, where the donor appoints himself as custodian of the property and dies while serving in that capacity before the minor donee attains his majority? This precise question has not before been presented for appellate review in this State. The trial tribunal answered it in the negative. We disagree.

The North Carolina Act entitled "North Carolina Uniform Gifts to Minors Act" was enacted in 1955 and is essentially, indeed almost verbatim, the Uniform Act. North Carolina was one of the first 14 states to enact a counterpart of a model "Act Concerning Gifts of Securities to Minors." The movement to permit gifts of securities and money to minors without the legal complexities of a trust instrument was begun in 1954 at a meeting of the National Association of Securities Administrators. The President of the New York Stock Exchange, in a speech to that group, suggested that a survey disclosed that almost one-half of parents with incomes above $7500 who owned shares of stock would like to buy stock for their children but did not want

to enter into a complicated legal procedure. A direct gift of securities to minors involved serious practical difficulties. For example, should there be a sale of the securities during the minority of the registered owner, the minor could disaffirm the sale. Banks, brokers, transfer agents and issuers dealt with the minor at their peril. At the meeting, the New York Stock Exchange submitted a draft of a proposed custodian statute which it had prepared. The Association of Stock Exchange Firms agreed to assist in securing the enactment of a uniform statute in all states. The basic custodian statute providing for gifts to minors is now in effect in substantially all the States. See Uniform Gifts to Minors Act, § 1, 9B U.L.A. (Supp. 1967) ; Newman, "The Uniform Gifts to Minors Act in New York and Other Jurisdictions—Tax Consequences, Possible Abuses, and Recommendations," 49 Cornell Law Quarterly 12 (1963).

The pertinent sections of the North Carolina Act provide:

G.S. 33-70(a). A gift made in the manner prescribed by the Act is irrevocable and conveys to the minor indefeasibly vested legal title to the security, money, or life insurance given. No guardian of the minor has any rights or duties with respect thereto except as provided in the article.

G.S. 33-71(c). If the minor has attained age 14, the court, on petition of the minor's parent or guardian, may order the custodian to pay to the minor for expenditure by him or to expend so much or all of the "custodial property" as is necessary for the minor's support, maintenance, or education.

G.S. 33-71(d). So much of the custodial property not so expended shall be delivered to the minor upon his attaining age 21. Should he die before reaching age 21, the custodial property shall be delivered to his personal representative.

G.S. 33-71(e). The custodian, without regard to statutes restricting investments by fiduciaries, is to invest and reinvest the custodial property as would a prudent man of discretion and intelligence seeking a reasonable income and preservation of capital. He may retain any security given. He may use the funds to purchase life insurance and pay premiums thereon and to pay premiums on life insurance given under the Act.

G.S. 33-71(f). The custodian may sell, exchange, convert or otherwise dispose of custodial property at any time deemed

advisable by him and for the price or upon terms he deems advisable. He may vote the securities in person or by proxy. He may consent to any action taken by an issuer, including the sale, lease, pledge or mortgage of any property by or to an issuer.

G.S. 33-71(h). The custodian shall keep records and make them available to the minor (if he has attained age 14), a parent or legal representative of the minor at regular intervals.

G.S. 33-71(i). "A custodian has and holds as powers in trust with respect to the custodial property, in addition to the rights and powers provided in this article, all the rights and powers which a guardian has with respect to property not held as custodial property."

G.S. 33-75. If the minor has attained age 14, he may petition the court for an accounting. This may also be done by the donor, an adult member of the minor's family, or the legal representative of the minor or the donor.

The Act further provides for the resignation, death or removal of the custodian and appointment of a successor and the custodian's compensation. It specifically provides that the donor may name himself as custodian in every type of gift allowed by the Act with the exception of a security not in registered form.

If the Pepsi-Cola stock which is the subject of controversy is includable in decedent-donor's estate for inheritance tax purposes, it must be under the provisions of G.S. 105-2 which imposes an inheritance tax on "the *transfer* of any property, real or personal, or of any interest therein or income therefrom, *in trust or otherwise,* to persons or corporations, in the following cases:

. . .

(3) When the transfer of property made by a resident, or nonresident, is of real property within this State, or of goods, wares and merchandise within this State, or of any other property, real, personal, or mixed, tangible or intangible, over which the State of North Carolina has taxing jurisdiction, including State and municipal bonds, by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor, or donor, *or intended to take effect in possession or enjoyment at or after such death, including a transfer under which the transferor has re-*

*tained for his life or any period not ending before his death (i) the possession or enjoyment of, or the income from, the property or (ii) the right to designate the persons who shall possess or enjoy the property or the income therefrom.* Every transfer by deed, grant, bargain, sale, or gift, made within three years prior to the death of the grantor, vendor, or donor, exceeding three per cent (3%) of his or her estate, or in the nature of a final disposition or distribution thereof, and without an adequate valuable consideration, shall, in the absence of proof to the contrary, be deemed to have been made in contemplation of death within the meaning of this section." (Emphasis supplied.)

Unquestionably a gift made under the provisions of the Uniform Act is a "transfer." The inheritance tax is imposed by statute on a transfer *in trust or otherwise* where the transfer was intended to take effect in possession or enjoyment at or after donor's death. This type of transfer includes, by the clear language of the statute, "a transfer under which the transferor has retained for his life or any period not ending before his death (i) the possession or enjoyment of, or the income from, the property or (ii) the right to designate the persons who shall possess or enjoy the property or the income therefrom."

Here donor was the father of the donee, an unemancipated minor. Obviously the father owed the child a duty of support. The Uniform Act permits him in his discretion to use the principal and income of the custodial gift for that purpose and thereby retain the full possession and enjoyment of his own estate without diminution by expenditures of funds for the support of his child, the donee. Additionally, the Uniform Act gives the custodian full powers to vote and deal with the securities which might be the subject of the gift. Here the donor was the majority stockholder of the issuer and had the right to use his control over the securities which were the subject of the gift to effectuate, if necessary, his continuing control over the issuer.

Our Supreme Court has said: "A law imposing an inheritance tax is to be liberally construed to effectuate the intention of the Legislature, and all property fairly and reasonably coming within the provision of such law may be taxed." *Watkins v. Shaw, Comr. of Revenue,* 234 N.C. 96, 98, 65 S.E. 2d 881 (1951), and cases there cited. We think the language of the statute, G.S. 105-2(3), is clear and unambiguous and requires the inclusion

of value of the stock in controversy in decedent donor's taxable estate.

Appellee argues that no pledge was made of the stock, no income therefrom was received by donor and no part of the gift was ever used for the support of the minor donee. He further argues that since donee was vested with legal title, donor had divested himself thereof. Conceding all this to be true, we think it of no import. The important determinative factors are the rights reserved to the donor in instances where, as here, the donor makes the gift to himself as custodian and dies prior to the donee's reaching age 21. These rights are there, existed at the time of the transfer, and continued to be possessed by donor until the time of his death. Whether the rights are ever exercised is of no consequence.

The Internal Revenue Service early ruled that "the value of property transferred by a donor to himself as custodian for a minor donee, pursuant to the provisions of the model custodian act adopted by a number of the states, is includible in the donor's gross estate for Federal estate tax purposes in the event of his death while acting as custodian and before the donee attains the age of 21 years." Rev. Rul. 57-366. The ruling was based upon § 2038 I.R.C. 1954 (transfers in respect of which decedent retained a power to alter, amend, revoke, or terminate). In *Estate of Jack F. Chrysler*, 44 T.C. 55 (1965), decedent had made gifts of securities to himself as custodian under the provisions of New York custodial gift statute and died before donee attained age 21. The Tax Court held the value of the securities includable in his taxable estate under both sections 2038(a)(1) and 2036(a), I.R.C. 1954. Section 2036(a) taxes transfers, by trust or otherwise, under which donor has "retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death—(1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom."

The U. S. Supreme Court has held that where a settlor named himself as trustee of stocks and money for his minor children in an irrevocable trust in which the rights of the children had vested, but settlor reserved the right to terminate it and deliver the assets of the trust to the children, the power

was equivalent to a power to alter, amend, or revoke and the assets were includable in his estate. *Lober v. United States,* 346 U.S. 335, 98 L.Ed. 15, 74 S.Ct. 98 (1953). There the Court, quoting from *Comm'r. v. Holmes,* 326 U.S. 480, 90 L.Ed. 228, 66 S.Ct. 257 (1946), said: "A donor who keeps so strong a hold over the actual and immediate enjoyment of what he puts beyond his own power to retake has not divested himself of that degree of control which Sec. 811(d)(2) requires in order to avoid the tax." [Note: § 811(d) of the 1939 Code substantially the same as § 2038(a) of 1954 Code.] *Lober, supra,* at p. 337.

Though the purpose of the enactment of the Uniform Act was to avoid the necessity of a complex trust agreement, we think the result is the same where a donor transfers property to himself as custodian and retains, by statute, virtually the same powers as were reserved to settlors in *Holmes* and *Lober, supra.* By appointing himself as custodian, it would seem that the donor is deemed to have adopted the provisions of the Uniform Act as the terms of his conveyance and transfer.

The similarity to a trust is obvious. Indeed the Uniform Act itself speaks in trust language in providing that a custodian "has and holds as powers in trust with respect to the custodial property, in addition to the rights and powers provided in this article, all the rights and powers which a guardian has with respect to property not held as custodial property."

Our Supreme Court in *Bank v. Doughton,* 188 N.C. 762, 125 S.E. 621 (1924), had before it for interpretation the inheritance tax statute which then provided for the taxation of transfers "in contemplation of the death of grantor, bargainor, donor, or assignor, or intended to take effect in possession or enjoyment after such death . . . " There the decedent had transferred to a corporate trustee certain securities in trust for a named beneficiary, reserving the right to revoke, alter, amend, or terminate the trust. He further reserved the right to vote the stock transferred and the trustee could not sell or otherwise dispose of the stock without grantor's consent. The Court in holding the securities includable in his taxable estate said:

"Under the provision that any transfer by deed, grant, sale, or gift, 'made in contemplation of the death of the grantor, bargainor, donor, or assignor, or intended to take effect in possession or enjoyment after such death,' shall be subject

to a tax for the benefit of the State, it is necessary, in order to escape the tax, to show such a conveyance as parts with the possession, title and enjoyment in the grantor's lifetime. *Reish v. Comrs.*, 106 Pa., 521. And when a transfer is made or intended to take effect in possession or enjoyment after death, and the grantor retains a grasp of the entire estate so long as he lives, as is the case here, it cannot be said absolute possession or enjoyment in the beneficiary takes effect prior to death. Under such conditions, the State is entitled to collect a tax on the transfer. Such is the language of the statute." 188 N.C. at p. 765.

Certainly the present statute is more inclusive and plainly provides for the taxation of the corpus in such a situation.

While we think the ruling of the Internal Revenue Service and decision of the Federal Courts pertinent and the court decisions with respect to trusts analogous and pertinent, we do not rest the decision here on either. Decision here rests upon the clear and unambiguous language of G.S. 105-2(3). We think the Uniform Act accomplishes its purpose and provides a simple vehicle for the use of adults desiring to purchase securities for minors. If a parent donor wishes to avoid inheritance tax on the transfer, he need only choose as custodian one of those persons or corporations allowed by the Act other than himself.

Reversed.

Judges CAMPBELL and PARKER concur.