**ESTATE of Harry PRUDOWSKY, Deceased, Vivian Prudowsky, Administratrix, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 71-1716.**

United States Court of Appeals,
Seventh Circuit.

Argued June 13, 1972.

Decided July 25, 1972.

————◆————

Gary B. Simon, Milwaukee, Wis., for petitioner-appellant; Levin, Blumenthal, Herz & Levin, Milwaukee, Wis., of counsel.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, William A. Friedlander, Michael L. Paup, Attys., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before FAIRCHILD and SPRECHER, Circuit Judges, and CAMPBELL, Senior District Judge.[1]

PER CURIAM.

At death decedent held assets as custodian for his minor children under the Wisconsin Uniform Gifts to Minors Act.[2] Decedent had been donor of the assets. The tax court held[3] the assets to be includible in decedent's estate under both sections 2036 and 2038(a) (1) of the 1954 Internal Revenue Code.[4] The facts and reasoning are set forth in the tax court decision. We affirm.

On appeal, taxpayer has again stressed the contention that although the statutory terms of his custodianship reserved to him the power to use the assets to discharge his own obligation of support (thus bringing § 2036 into play) and to turn the assets over to the children before their majority (thus arousing § 2038), there is evidence which so clearly establishes his intention not to do either that he had effectively foreclosed the existence of such powers. We do not agree that the subjective and unilateral intentions claimed would supersede the statutory terms of custodianship.

In Stuit v. Commissioner of Internal Revenue, 452 F.2d 190 (7th Cir., 1971), assets of a custodianship under the Illinois uniform act were held, by virtue of § 2038, to be includible in the estate of the donor custodian. We said the decedent had the power to distribute the entire custodial property to the donees and terminate the arrangement. We find no adequate distinction.

The judgment is affirmed.

1. Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

2. Now §§ 880.61–.71, 1971 Wis.Stats., formerly §§ 319.61–.71, Stats.

3. 55 T.C. No. 90.

4. 26 U.S.C. §§ 2036, 2038(a) (1).