**Elinor M. SWAIN and Kawyn Moody, as co-executors of the Estate of Pauline E. Taylor Moody, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 97–3320.

United States Court of Appeals, Seventh Circuit.

Argued April 17, 1998.

Decided June 10, 1998.

Rehearing Denied Aug. 27, 1998.

David J. Duez (argued), McDermott, Will & Emery, Chicago, IL, Robert M. Bellatti, Springfield, IL, for Plaintiffs–Appellants.

Jonathan S. Cohen, Robert W. Metzler, Curtis C. Pett (argued), Department of Justice, Tax Division, Appellate Section, Washington, DC, Stacy Hallett, United States Department of Justice, Washington, DC, for Defendant–Appellee.

Todd A. Smith, Illinois State Bar Association, Staff Counsel, Springfield, IL, James Nepple, Nepple, Van Der Kemp & Flynn, Rock Island, IL, for Amicus Curiae Illinois State Bar Association.

Before CUMMINGS, BAUER and MANION, Circuit Judges.

CUMMINGS, Circuit Judge.

Plaintiffs Elinor M. Swain and Kawyn Moody are co-executors of the Estate of Pauline E. Taylor Moody. They filed this suit

for a refund of $102,943.73 estate tax deficiency assessed against the Moody estate. Both sides filed motions for summary judgment and the defendant United States prevailed, resulting in an appeal by the estate.

Pauline Moody and her husband created an Illinois land trust ("Moody Land Trust I") at the end of 1985. The land was located in Pike County, Illinois, and the Farmers State Bank and Trust Company of Jacksonville, Illinois, was appointed as the trustee.

During her lifetime Mrs. Moody transferred her entire 50% interest in the Moody Land Trust I to her children and grandchildren as follows:

| Date of Transfer | Percentage of Interest |
| --- | --- |
| 12/31/85 | 11.80% |
| 01/24/86 | 11.80% |
| 01/26/87 | 13.44% |
| 02/08/88 | 12.96% |
| | 50.00% |

Mrs. Moody and her husband created a second Illinois land trust ("Moody Land Trust II") in January 1989. The corpus of this trust also consisted of land situated in Pike County, and the same bank was named as trustee. Mrs. Moody transferred 29.4% of her 50% interest in the Moody Land Trust II to her children and grandchildren as follows:

| Date of Transfer | Percentage of Interest |
| --- | --- |
| 01/17/89 | 9.8% |
| 02/05/90 | 9.8% |
| 01/17/91 | 9.8% |
| | 29.4% |

Both trust agreements contained the following provision:

It is understood and agreed by the parties hereto and by any person who may hereafter become a party hereto, that the FARMERS STATE BANK AND TRUST COMPANY, will deal with said real estate only when authorized to do so in writing and that notwithstanding any change in the beneficiary or beneficiaries hereunder, said trustee will on written direction of any combination of at least three (but not more than all) beneficiaries possessing at least two-thirds of the beneficial interest herein, or such other person or at least three (but not more than all) beneficiaries possessing at least two-thirds of the beneficial interest herein, make deeds for, mortgage or otherwise deal with the title to said real estate, provided, however, that the Trustee shall not be required to enter into any personal obligation or liability in dealing with said land * * *.

Mrs. Moody died on January 20, 1991, but none of the above transfers was reported on her federal estate tax return.

The Internal Revenue Service determined that the above transfers were includible in Mrs. Moody's gross estate under Section 2038(a)(1) of the Internal Revenue Code [1] on the ground that under the trust agreement she died possessing, or relinquished within three years of her death, a power of direction over the transferred property that could have been exercised to affect the other beneficiaries' manner of enjoyment of the transferred property. Therefore the Internal Revenue Service increased the value of Mrs. Moody's gross estate by $359,268, representing the value of the interests she transferred subject to her power of direction. Accordingly, a $133,535.58 estate tax deficiency was asserted against the estate.

The deficiency was paid by the estate. After the denial of a claim for a refund of $102,943.73 plus interest, Mrs. Moody's estate filed this suit for a refund of that amount which was attributable to the inclusion of the transfers. A motion for summary judgment was filed by the estate on the ground that Mrs. Moody's power of direction was not

---

1. Section 2038(a)(1) of the Internal Revenue Code provides as follows:

*In General.*—The value of the gross estate shall include the value of all property—

*Transfers after June 22, 1936.*—To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person (without regard to when or from what source the decedent acquired such power), to alter, amend, revoke, or terminate, or where any such power is relinquished during the 3–year period ending on the date of the decedent's death.

covered by Section 2038(a)(1) because it only covers powers to revoke, whereas a power to terminate is not a power to revoke. The government moved for summary judgment on the ground that the power to terminate the trust is expressly covered by Section 2038(a)(1), which also covers the power to revoke.

The district court agreed with the government's position, citing *Estate of Bowgren v. Commissioner*, 105 F.3d 1156 (7th Cir.1997), which held that "the gross estate includes the value of transferred property if the decedent retains any power or control over the transferred property." 105 F.3d at 1159–1160. As we observed there (at page 1160), "[t]he settlor's power to terminate the beneficiaries' rights to enjoyment of the trust is a power to 'alter, amend, revoke or terminate' for purposes of I.R.C. § 2038(a)(1)."[2] Therefore the court concluded here that since Mrs. Moody "retained a power of direction * * * the transfers at issue should have been included in her gross estate." *Swain v. United States*, 969 F.Supp. 515, 519 (C.D.Ill.1997).

Here a minimum of three beneficiaries possessing at least two-thirds of the beneficial interest could exercise the power of direction to make deeds for, mortgage or otherwise deal with the title to the property in the land trust. Appellants' argument is that a power of direction that can be exercised by less than all of the beneficiaries is not the type of power contemplated by Section 2038. We disagree. It is immaterial that Mrs. Moody's power of direction was exercisable only in conjunction with some of the other beneficiaries because Section 2038(a)(1) covers powers exercisable "by the decedent in conjunction with any other person." Appellants and the amicus curiae have been unable to cite any authority that property subject to these powers should be excluded from the estate tax.[3] Instead, appellants argue that the district court's reliance on *Bowgren* is misplaced. Specifically, they cite footnote 20 which states:

> Because we conclude that Mrs. Bowgren retained the power of direction specifically granted to her by name in the trust agreement, we need not reach the issue whether a power to direct the trustee held by the settlor in conjunction with all the beneficiaries would be sufficient to require that the value of the units be included in the gross estate.

*Bowgren*, 105 F.3d at 1164, n. 20. However, the issue we reserved for future consideration was whether Section 2038(a)(1) covers powers exercisable by the decedent in conjunction with all of the beneficiaries.[4] This case involves a power exercisable by the decedent acting with less than all of the beneficiaries, and, as stated above, the language of Section 2038(a)(1) indicates that such transfers are included in the decedent's gross estate. See also *Adolphson v. United States*, 1990 WL 300361 (C.D.Ill. October 29, 1990) (where district court, faced with facts similar to this case, held that a power of direction exercisable by the decedent in conjunction with less than all of the beneficiaries was a Section 2038(a) power, and thus the property subject to the power was included in the decedent's estate).

**2.** Accord: *Commissioner v. Holmes' Estate*, 326 U.S. 480, 489, 66 S.Ct. 257, 90 L.Ed. 228 (1946); *Lober v. United States*, 346 U.S. 335, 74 S.Ct. 98, 98 L.Ed. 15 (1953); *Stuit v. Commissioner*, 452 F.2d 190, 191 (7th Cir.1971); *Prudowsky's Estate v. Commissioner*, 58 T.C. 890, 1971 WL 2563 (1971), affirmed, 465 F.2d 62 (7th Cir.1972); *Mellon v. Driscoll*, 117 F.2d 477 (3d Cir.1941), certiorari denied, 313 U.S. 579, 61 S.Ct. 1100, 85 L.Ed. 1536 (1941); *Commissioner v. Hofheimer's Estate*, 149 F.2d 733 (2d Cir.1945), and Treasury Regulations on Estate Tax, § 20.2038–1(a).

**3.** The amicus curiae Illinois State Bar Association filed a brief favoring reversal.

**4.** Section 20.2038–1(a)(2) of the Estate Tax Regulations addresses this issue. It provides:

> *In General.* A decedent's gross estate includes under section 2038 the value of any interest in property transferred by the decedent, whether in trust or otherwise, if the enjoyment of the interest was subject at the date of decedent's death to any change through the exercise of a power by the decedent to alter, amend, revoke, or terminate, or if the decedent relinquished such a power in contemplation of death. However, section 2038 does not apply—
>
>    *    *    *    *    *    *
>
> (2) If the decedent's power could be exercised only with the consent of all parties having an interest (vested or contingent) in the transferred property, and if the power adds nothing to the rights of the parties under local law[.]

Further, appellants contend that the power of direction did not include the right to alter the enjoyment of the beneficial interests and thus did not constitute a Section 2038(a) power. However, the decedent could have affected the other beneficiaries' enjoyment of the property through the use of her power of direction. She had the power, in conjunction with less than all of the beneficiaries, to sell the trust property or to terminate the trust and, thus, accelerate the enjoyment of the proceeds of the property in spite of the fact that some of the beneficiaries may have opposed this action. Such a power over the timing of the enjoyment of the property qualifies as a Section 2038(a) power, and the property subject to the power is included in the decedent's gross estate.

Therefore, because Mrs. Moody, along with three other beneficial interest holders, could exercise a power of direction to alter, amend, revoke or terminate the transferees' enjoyment of the property within three years of her death, the value of the transferred property should be included in her gross estate.

The government is attempting to collect an estate tax for the years 1985 through 1991 without recognizing that since Mrs. Moody's death occurred on January 20, 1991, only four of the seven transfers occurred within three years of her death as required by the applicable Treasury Regulations.[5] Consequently, the case has to be remanded because the $102,943.73 estate tax deficiency assessed against the estate covers more than three years prior to Mrs. Moody's death.

Affirmed in part; remanded in part.

5. Section 20.2038–1(e) of the Treasury Regulations on estate tax provides:

(e) *Powers relinquished in contemplation of death*—(1) *In general.* If a power to alter, amend, revoke, or terminate would have resulted in the inclusion of an interest in property in a decedent's gross estate under section 2038 if it had been held until the decedent's death, the relinquishment of the power in contemplation of the decedent's death within 3 years before his death results in the inclusion of the same interest in property in the decedent's gross estate, except to the extent that the power was relinquished for an adequate and full consideration in money or money's worth (see § 20.2043–1). For the meaning of the phrase "in contemplation of death," see paragraph (c) of § 20.2035–1.