ESTATE OF ANTONIA B. VOGEL, Deceased, HENRY N. SOMSEN, JR. EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Vogel v. Commissioner
Docket No. 10636-75.
United States Tax Court
T.C. Memo 1977-209; 1977 Tax Ct. Memo LEXIS 230; 36 T.C.M. (CCH) 875; T.C.M. (RIA) 770209; July 11, 1977, Filed John A. Gaberino, Jr., for the petitioner. Osmun R. Latrobe, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency of $40,399.73 in the Federal estate tax of the Estate of Antonia B. Vogel. The sole issue for decision is whether certain shares *231 of stock transferred by decedent to herself as custodian for three minor grandchildren are includable in her gross estate pursuant to section 2038. [1]
FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein. Antonia B. Vogel (decedent) died on May 23, 1973 at New Ulm, Minnesota. Henry N. Somsen, Jr. (petitioner) was appointed and qualified as the executor of decedent's estate and resided at New Ulm, Minnesota when he filed the petition herein. In his capacity as executor, petitioner filed a Federal estate tax return with the Director of the Internal Revenue Service Center at Kansas City, Missouri. In 1959 stock was transferred by the decedent to herself as custodian for her three minor grandsons pursuant to the Minnesota Uniform Gifts to Minors Act. All of the minor grandsons resided with their mother, Mrs. Monica Vogel and were at all relevant times residents of Oklahoma. The transfer resulted in the decedent holding 520 shares of State Bond and Mortgage Co. in her capacity as custodian for each of her minor grandsons. *232 The stock certificates issued upon the transfer were mailed to decedent who in turn mailed them to Monica Vogel who retained possession of the stock. In 1969 the stock split eight for one and additional certificates for 3,640 shares per minor grandson were issued to and in the name of the decedent as custodian of the stock in conformity with the Minnesota Uniform Gifts to Minors Act. The decedent mailed these certificates to Monica Vogel who has retained possession of them to the present date. In 1973 the stock split two for one and additional certificates for 4,160 shares were issued in the same manner as in 1969. The decedent died before she could mail these certificates which were issued in March 1973. Consequently, at the date of her death, decedent held 8,320 shares for each minor grandson in her capacity as custodian. On the date of decedent's death the fair market value of the stock was $6.25 per share. From the time the decedent transferred the stock in 1959 to the date of her death all dividend checks were payable to the decedent in her capacity as custodian. Upon receipt of the dividend payments, the decedent endorsed the checks and mailed them to Monica Vogel. The transfer *233 of stock to decedent's grandsons was reflected on her estate tax return but the stock was not included as part of her taxable estate. The Commissioner, in his statutory notice of deficiency, determined that the stock transferred by the decedent to her minor grandsons was includable in the gross estate. OPINION Petitioner takes the position that a completed gift occurred upon delivery of the State Bond and Mortgage stock certificates by the decedent without her endorsement to Mrs. Monica Vogel, resulting in a termination of decedent's custodial duties and powers. For this reason, petitioner argues that the stock is not includable in decedent's gross estate. Petitioner relies on the provisions of the Uniform Commercial Code adopted by Minnesota and Oklahoma which provide that such a transfer is complete between the donor and donee upon delivery. Respondent contends that the decedent, pursuant to the application of the Uniform Gifts to Minors Act of Minnesota, possessed, at the time of her death, certain custodial powers which under prior holdings are sufficient to include the stock in question in her gross estate. Respondent further contends that before the ramifications of the *234 Uniform Commercial Code apply there must be a showing of donative intent on the part of the decedent. It is respondent's position that donative intent on the part of the decedent has not been shown and, therefore, the decedent's retention of the power to terminate the custodianship justifies the inclusion of the stock in her gross estate. Under the Minnesota Uniform Gifts to Minors Act a person can transfer property to himself as custodian of a gift to a minor and in so doing apply income or principal of such gift for the minor's support, maintenance, education or benefit. In addition, a custodian has the power to terminate the custodianship at his or her discretion prior to the minor's attainment of majority or until such time as the minor reaches majority. The transfer of property to a custodianship is irrevocable. Minn. Stat. Ann. sec. 527.03. The power to terminate a custodianship includes only the power to distribute the assets of the custodianship or income therefrom to the minor donees. This Court has repeatedly held that when one dies possessing custodial power, i.e., the power to terminate the custodianship, such circumstances require inclusion *235 in his gross estate of the custodial property under section 2038. Estate of Prudowsky v. Commissioner, 55 T.C. 890 (1971), affd. per curiam 465 F.2d 62 (7th Cir. 1972); Estate of Chrysler v. Commissioner, 44 T.C. 55 (1965), revd. on other grounds 361 F.2d 508 (2d Cir. 1966). We stated in Stuit v. Commissioner, 54 T.C. 580, 582 (1970), affd. 452 F.2d 190 (7th Cir. 1971), "where one transfers property to oneself as custodian under the Model or Uniform Acts he retains the power to 'terminate' the custodial arrangement within the meaning of section 2038 (a)(1)." The cases are clear on this particular point. The issue is, therefore, narrowed down to whether decedent possessed custodial powers of termination at the time of her death. The decedent delivered without endorsement the initial 520 shares of stock for each grandson in 1959 as well as the certificates from the 1969 stock split to Mrs. Monica Vogel, the mother of the minor donees. The decedent did not mail to Mrs. Monica Vogel the stock certificates issued in March of 1973 due to her age and infirmity. However, all dividends declared and *236 paid on the stock were mailed by decedent to Mrs. Monica Vogel without direction as to their use. The Uniform Commercial Code as adopted in Minnesota provides: "where a security in registered form has been delivered to a purchaser without a necessary endorsement he may become a bona fide purchaser only as of the time the endorsement is supplied, but against the transferor the transfer is complete upon delivery and the purchaser has a specifically enforceable right to have any necessary endorsement supplied." Minn. Stat. Ann. sec. 336.8-307. Moreover, this provision of the Code applies to gifts as well as purchases. Minn.Stat. Ann. sec. 336.1-201(32). [2] The Supreme Court of Minnesota has construed this section to mean that delivery of a security with the intent to change ownership constitutes a valid transfer. Brener v. Industrial Steel Container Co.,228 N.W. 2d 115 (1975). Section 336.8-301(1) provides that upon delivery of a security the purchaser acquires the rights in the security which his transferor had in the security. *237 In view of the above authority the issue is further reduced to whether decedent intended to make a gift of the 520 shares of State Bond and Mortgage stock to each grandson upon delivery to her daughter-in-law, Monica Vogel, in spite of the fact that she failed to endorse the certificates. Decedent delivered shares in 1959 and 1969. These acts demonstrate donative intent. We find that the only reason decedent did not transfer the stock certificates issued in 1973 to Monica Vogel was due to her age and infirmity. The deliveries in 1959 and 1969 of stock are substantial evidence that decedent did not intend to exercise any control over the stock certificates. In addition, decedent sent all dividend checks with her endorsement to Monica Vogel without any instruction or direction as to how the payments should be spent for the minor grandsons' benefit. This clearly reflects not only her intention to relinquish any custodial powers she had as to the income from the custodianship but also her intent to relinquish her powers over the stock certificates. All of decedent's actions subsequent to 1959 are consistent with the intent to release her custodial powers in 1959. Therefore, we hold *238 that, under Minnesota law, upon the delivery of the stock certificates in 1959 Antonia B. Vogel possessed the necessary donative intent to terminate her custodial powers and they were, in fact, terminated. Accordingly, we hold that the stock in question is not includable in decedent's gross estate because a completed inter vivos gift occurred upon her gift of the stock in 1959 which resulted in decedent terminating all powers she possessed pursuant to the custodianship. Decision will be entered for the petitioner. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Sec. 336.10-102 of the Minnesota Statutes↩ and the comments that follow thereunder state that the appropriate provisions of their version of the U.C.C. can be utilized by parties to transactions which occurred before the effective date of its adoption in 1966.